JOHN F. CROWLEY *vs.* MUTUAL FINANCE CORPORATION.

Essex.   March 28, 1922. — June 30, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Practice, Civil,* Case stated, Report. *Contract,* What constitutes. *Evidence,* Inferences. *Infant.*

A judge of the Superior Court, in reporting to this court for determination under G. L. c. 231, § 111, an action of contract submitted to him upon a case stated, should find and state in his report not only the facts as stated in the agreement of the parties, but also such facts to be drawn therefrom as inferences as are necessary to a final determination of the case and as do not follow as a matter of law as the only conclusion resulting from the facts in the case stated; and, if he fails to do so, the report must be discharged for further proceedings in the Superior Court.

An action against a corporation for money paid by the plaintiff for shares of capital stock of the defendant alleged to have been sold and delivered by the defendant to the plaintiff when the plaintiff was a minor under an agreement disaffirmed by

him when he came of age, was submitted to a judge of the Superior Court upon a case stated. The judge found "the facts as stated" and reported the action to this court "for determination without making any decision thereon." The case stated did not include a statement that the agreement for purchase of the stock was made with the defendant. It did include a statement that the plaintiff had received certain dividends on the stock while still an infant but no other statement relating to the dividends. It appeared that, by a vote of the directors of the defendant, an agreement in writing, called an "underwriting," was entered into with a stockholder to sell an entire issue of its preferred stock, the "underwriter" to receive all that he might receive therefor above a certain price and to receive also a block of common stock, a certain part of which he was to give to purchasers of the new issue. A voting trust was entered into between the "underwriter" and certain other stockholders under which he placed in trust the balance of the common stock which he so received. He or a second corporation, to which he assigned the agreement, offered the preferred stock to the public and the plaintiff purchased stock through a salesman employed by the second corporation, executing a subscription agreement which purported also to be executed by the defendant, and receiving from the defendant certificates of its stock and, later, dividends thereon. Part of the money he paid for the stock was received by the defendant. *Held,* that

(1) From the record it could not be said as a matter of law that the only inference that could be drawn from the agreed facts was that the plaintiff dealt with the defendant through its authorized agent;

(2) Whether that inference should be drawn, or whether the "underwriter" sold the stock as an underwriter, or as an independent contractor, or otherwise, was a question of fact, to be decided by the trial judge;

(3) Further findings were necessary before the action finally could be determined by this court as to the dividends received by the plaintiff;

(4) The action must be remanded to the Superior Court for further proceedings.

CONTRACT for $390, alleged to have been paid by the plaintiff while a minor to the defendant for shares of its capital stock delivered to the plaintiff, the plaintiff having disaffirmed the contract when he became of age. Writ dated December 24, 1920.

In the Superior Court, the action came on to be heard before *Dubuque,* J., without a jury, upon a case stated. Material facts therein stated are described in the opinion. The judge found "the facts as stated" and, at the request of the parties, reserved and reported the action to this court "for determination without making any decision thereon."

*W. Powers,* (*D. Needham & R. H. Cahonet* with him,) for the defendant.

*J. W. Sullivan & J. F. Doyle,* for the plaintiff, submitted a brief.

DE COURCY, J. The judge of the Superior Court reported

the case to this court for determination under G. L. c. 231, § 111, without making any decision thereon. It was said in *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519, 521, 522: "If material facts, whether primary or ultimate, express or inferential, are omitted from facts agreed and submitted, it becomes the duty of the Superior Court judge to find those facts before he can report under the statute. Even though the ultimate facts may rest upon inferences, the duty of determining what inferences are the most rational, and of drawing such inferences from the other facts agreed, rests on the Superior Court judge before he can report the case. If such inferences need to be drawn in order to reach the ultimate essential facts, then there has not been 'agreement as to all the material facts' by the parties within the meaning of those words in the statute."

The plaintiff seeks to recover money paid by him, while he was a minor, for six shares of preferred stock and a trust certificate for three shares of common stock of the defendant corporation. In order to prevail he must show that his contract was with the Mutual Finance Corporation. No such fact is agreed upon in the written "Case Stated." It well may be that the trial judge could have inferred this essential fact from the form of the subscription agreement, the payment to the defendant of part of the purchase money, the receipt from it of the stock certificates and of dividends. But he did not make that inferential finding. It is not an appropriate function of the full bench to make that finding of fact, unless as matter of law but one conclusion can be reached upon the case stated. Such is not the situation here presented. It appears that, in pursuance of a vote of the directors, a written agreement was entered into, by which Henry V. Greene undertook to sell the entire issue of sixty thousand shares of preferred stock; retaining all he might receive therefor in excess of $51.25 per share. As part of the agreement there was to be issued to said Greene forty thousand shares of common stock, of which he obligated himself to give to purchasers of preferred stock a maximum of thirty thousand shares as a bonus. The agreement is referred to as one of "underwriting." A voting trust agreement was thereafter entered into between Greene and certain other stockholders, under which he placed in trust twenty-two thousand two hundred and seventy-five shares of the common stock, substantially all of which

came from said forty thousand shares. Greene, or his assignee, the H. V. Greene Co. Inc. offered to the public "blocks" of two shares of preferred stock in the defendant corporation and one of the stock trust certificates. The plaintiff bought through one J. Gosselin, a salesman employed by H. V. Greene Co. Inc.

Without further recital of the facts, it seems apparent from the record that we cannot say the only inference that can be drawn from the agreed facts is that the plaintiff dealt with the defendant, through its authorized agent. Whether that inference should be drawn, or whether Greene sold the stock as an underwriter, or as an independent contractor, or otherwise, is a question of fact, to be decided by the trial judge.

If it should be found that the plaintiff's contract was made with the defendant, through its selling agent, further findings of fact may be necessary in order to determine whether the plaintiff can retain the dividends received by him while still a minor. Other questions sought to be raised by the defendant are disposed of by the case of *Godfrey* v. *Mutual Finance Corp. ante,* 197.

The report must be discharged, and the case remanded to the Superior Court for further proceedings in accordance with this opinion.

*So ordered.*