A. BARR COMSTOCK *vs.* AUGUSTUS W. SOULE & another,
executors.

Norfolk.   November 10, 1938. — May 22, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Report.

A report, by a judge of the Superior Court who heard an action without a
jury, containing only evidence and exhibits, a recital of the exclusion
of secondary evidence of an instrument upon which the plaintiff's
case depended, and a ruling that the plaintiff could not recover,
without any findings of fact, was insufficient under G. L. (Ter. Ed.)
c. 231, § 111, and was discharged by this court, the action to stand
for further hearing in the Superior Court.

CONTRACT.   Writ in the Superior Court dated March
21, 1936.

The action was heard by *Fosdick, J.*

*F. H. Free, Jr.,* for the plaintiff.

*C. H. Nicholson,* for the defendants.

Cox, J.   This is an action of contract brought by the
plaintiff against the defendants as executors of the will of
Ethel Marion Wentworth, on her alleged promise to pay
the alleged indebtedness of one Moulton to the plaintiff.
The case was heard by a judge of the Superior Court who
reported it to this court.   From the copies of papers trans-
mitted to this court under provisions of G. L. (Ter. Ed.)
c. 231, § 135, it appears that the judge filed a report on
October 30, 1936.   This report merely described the cause
of action and stated that the plaintiff relied on an alleged
writing signed by Mrs. Wentworth, "consisting of a letter
from her to Moulton"; that the plaintiff "testified" as to
having read the letter and that it could not be found among
Moulton's effects, and offered to testify as to its contents;
that the evidence offered was excluded and the plaintiff
excepted.   The report concluded by stating, "I found for
the defendants as a matter of law and at the request of the

plaintiff I now report the case on the pleadings and on all the evidence for determination by the full court. If the ruling as to my finding is correct judgment is to be entered on the finding. Otherwise the finding is to be set aside and a new trial granted." There is no statement of the evidence in this report nor any finding of facts.

The report which is printed in the record was filed on May 2, 1938. It contains no finding of facts unless certain statements hereinafter referred to can be regarded as findings. After describing the cause of action the report recites: "To take the case out of the statute of frauds the plaintiff relied on an alleged writing, alleged to have been written and signed by the defendant's testatrix, in the form of a letter from her to Moulton, which the plaintiff testified was written to Moulton in response to Moulton's request for funds from her for the plaintiff, which request was made in pursuance of an arrangement between Moulton and the plaintiff. The plaintiff testified that the letter could not be found among Moulton's effects after his death, and having thus explained his inability to produce the letter at the trial, the plaintiff offered to testify as to its contents. Upon objection by the defendants I excluded the evidence offered and the plaintiff duly excepted."

The report then proceeds to state that "The plaintiff further testified substantially as follows." This statement is followed by a recital of the plaintiff's testimony covering about four and one half pages of the printed report and concluding with the words "(End of testimony)." The report then refers to two exhibits, "Exhibit I . . . and Exhibit II . . . both referred to by the plaintiff in his testimony as summarized above . . . Exhibit I, — solely to identify the handwriting in the letter relied upon by the plaintiff as satisfying the statute of frauds, and as a specimen of the handwriting of Mrs. Wentworth, the defendant's testatrix; and Exhibit II, — solely to show how Exhibit I reached the plaintiff." The report then states that the plaintiff objected to the exclusion of his testimony as to the contents of the letter on which he relied to satisfy the statute of frauds; that "I refused to admit this testimony

on the ground that this letter was not produced when it was required by the statute that it should be, and not on the ground of not making out a signature"; and that the plaintiff then made an offer of proof as to the contents of the letter relied upon. The report concludes by stating: "The plaintiff objected to the exclusion of this testimony and duly excepted. The plaintiff conceded that if this testimony was properly excluded, his action could not be maintained. The plaintiff also conceded that his testimony was not sufficient to qualify himself as an expert to testify as to the identity of the signature or handwriting in the alleged letter relied on by the plaintiff, but the plaintiff further testified that the handwriting in that letter, to the best of his recollection, was somewhat similar in writing to the part of a longhand letter in ink which was conceded by the attorney for the defendant to be a specimen of Mrs. Wentworth's handwriting and was admitted in evidence and marked Exhibit I for the purpose of identifying the letter relied upon by the plaintiff to satisfy the statute of frauds. I found for the defendants as a matter of law, the plaintiff duly excepted to this ruling, and at the request of the plaintiff I now report the case on the pleadings and upon the foregoing statement of all the evidence for determination by the full court. If the ruling as to my finding is correct judgment is to be entered on the finding. Otherwise the finding is to be set aside and a new trial granted." It is assumed that by making the second report the first was revoked even though not so stated. *Reno* v. *Cotter*, 236 Mass. 556, 559.

Under the provisions of G. L. (Ter. Ed.) c. 231, § 111, a judge of the Superior Court, after verdict, or after a finding of facts by the judge, may report the case for determination by this court, and, in any case where there is agreement as to all the material facts, he may, upon request of the parties, report the case to this court for determination without making any decision thereon. In the case at bar there could have been no verdict, *Bearce* v. *Bowker*, 115 Mass. 129; there was no agreement as to all the material facts, and the report must find its authorization, if

at all, in that provision of the statute which requires a finding of the facts by the judge. In the case of *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519, this court had occasion to consider a report by a judge of the Superior Court under R. L. c. 173, § 105, as amended by St. 1917, c. 345. Said § 105 contained provisions for report after verdict or after finding of facts by the judge, and said c. 345 made provision for a report where there was agreement as to all the material facts. The report in the case was "in accordance with the provisions of St. 1917, c. 345." This court said at page 521: "The word 'decision' in the grant of power in the present statute to report 'without making any decision thereon' is confined to decision of the issue of law raised at the trial. It put facts agreed upon the same footing as a verdict by the jury or a finding by the judge, so far as concerns power to report a case. The statute does not mean that, when a finding of fact must be made in order to present a pure question of law as decisive of the case, the judge of the Superior Court can omit to make that finding and merely pass the case on to be decided both as to fact as well as law by this court. . . . If material facts, whether primary or ultimate, express or inferential, are omitted from facts agreed and submitted, it becomes the duty of the Superior Court judge to find those facts before he can report under the statute." In the case at bar, although the judge "found for the defendants as a matter of law," this is not a finding of the facts. In the case of *Brooks* v. *Prescott*, 114 Mass. 392, trial by jury was waived. The judge found certain facts stated in the bill of exceptions, and there was also evidence, set forth as such, in relation to other matters of fact upon which no conclusions of the judge were stated in the bill. Upon the facts found and their effect in law, the judge ruled that the action could not be maintained, and found for the defendant. This court said, at page 396, that the general conclusion of the judge was one of law, "and there is no conclusion of fact, except as to the facts specifically found and stated. The case is presented to this court substantially as in a jury trial when the judge rules that the action

cannot be maintained upon the evidence and directs a verdict for the defendant." See *New England Structural Co.* v. *Everett Distilling Co.* 189 Mass. 145, 151. *Lunn & Sweet Co.* v. *Wolfman,* 256 Mass. 436. It is to be noticed that the *Brooks* case did not come to this court by way of report.

It is true that after verdict a case may be reported to determine the question whether the evidence was sufficient to warrant the verdict. *Horowitz* v. *State Street Trust Co.* 283 Mass. 53, 56–57. This is a common practice. *Ballam* v. *Metropolitan Life Ins. Co.* 295 Mass. 411, 412. It may seem that there is no good reason why a judge should not be permitted to report a case after a general finding by him as well as after a verdict of a jury, but the statute provides for no such action. *Pillsbury Flour Mills Co.* v. *Bresky,* 263 Mass. 145.

At the argument in this court the parties stated that they were agreed that the report should be treated as raising two questions, (1) Is secondary evidence admissible as to the contents of the alleged letter from the defendants'. testatrix? and (2) If so, was the plaintiff entitled to recover? No such questions are presented by the terms of the report by which we are bound. *Simpionbato* v. *Royal Ins. Co. Ltd.* 253 Mass. 606, 609. We do not think that the report in the case at bar can be treated as informal or that we can read into it that which does not appear or infer from it that which is not warranted. It is unlike the reports in the cases of *Newburyport* v. *Spear,* 204 Mass. 146, *Scanlon* v. *Carey,* 207 Mass. 285, *Boucher* v. *Salem Rebuilding Commission,* 225 Mass. 18, *Crowe* v. *Boston & Maine Railroad,* 242 Mass. 389, 392, 393, *School Committee of Lowell* v. *Mayor of Lowell,* 265 Mass. 353, 354, and cases cited.

It would be a manifest injustice to turn the plaintiff out of court without a determination of the important question of evidence that the parties have sought to raise. If we take the report as it stands and add to it the bald question whether the secondary evidence was admissible, again the report would be insufficient.

For the admission of secondary evidence of the contents

of a written instrument a proper foundation must be laid. *Clark* v. *Houghton*, 12 Gray, 38, 43, 44. *Stevens* v. *Miles*, 142 Mass. 571, 572, 573. The question whether the situation was such as to make secondary evidence of the contents of the alleged letter admissible was for the judge. *Cooley* v. *Collins*, 186 Mass. 507, 509, and cases cited. As has already been said in the quotation from the opinion in the case of *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519, at page 521, "If material facts, whether *primary* [italics ours] or ultimate, express or inferential, are omitted from facts agreed and submitted, it becomes the duty of the Superior Court judge to find those facts before he can report under the statute." Compare *Crowley* v. *Mutual Finance Corp.* 242 Mass. 259. There is no finding that the letter ever existed or that it had been lost or that proper search had been made for it. See *Dennis* v. *Brewster*, 7 Gray, 351, 354. There is only evidence as to these matters. It is true that the judge stated in his report that he refused to admit the testimony as to the contents of the letter "on the ground that this letter was not produced when it was required by the statute that it should be, and not on the ground of not making out a signature," but we are of the opinion that this statement of the reason given does not amount in any sense of the word to a finding of the necessary facts which must appear before secondary evidence of the contents of the letter is admissible. Furthermore, the defendants pleaded the statute of limitations and denied the genuineness of the signature to the alleged "written instrument," and demanded proof of the same. If the alleged letter was ever written, there is no finding of fact as to when.

We are not called upon to determine as a general proposition of law whether in a case where the statute of frauds is pleaded, as it is in this case, it is necessary in order to take the case out of the statute of frauds that the original written contract, note, or memorandum be produced, and that under no circumstances can oral testimony as to the contents of the instrument be admitted. The report "did not cover the whole field necessary to be covered before ques-

tions of law would arise on the record." *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519, 523.

Where the facts on which the rights of the parties depend have not been ascertained at the trial it is within the power of the court in its discretion and of its own motion, to recommit the case for retrial. *DeVeer* v. *Pierson,* 222 Mass. 167, 175, and cases cited.

It follows that the report must be discharged and the case stand for further hearing in the Superior Court. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519, 523. *Crowley* v. *Mutual Finance Corp.* 242 Mass. 259.

*So ordered.*