JAMES A. McNULTY *vs.* CITY OF BOSTON.

JOSEPH CICCOLO *vs.* SAME.

Suffolk.    March 8, 1939. — November 27, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Suffolk County.    Practice, Civil,* Case stated, Appeal.

An agreement of the parties to an action in the Superior Court that "the following are the material facts," followed by a statement of facts, constituted a case stated, and the action might be brought to this court by appeal from an order for judgment thereon.

The classification and compensation plans for Suffolk County officers and employees prepared pursuant to St. 1930, c. 400, became effective as of January 1, 1931, though not adopted nor approved until April, 1931; and the salary of an employee appointed for the first time in February, 1931, should not be adjusted under § 9, but, upon approval of the plans, was properly reduced from a rate fixed at the time of his appointment to the rate fixed by the plans for a newly appointed employee.

TWO ACTIONS OF CONTRACT.    Writs in the Superior Court dated February 24, 1937.

The actions were heard by *Brogna*, J.

*W. J. Wallace*, Assistant Corporation Counsel, for the defendant.

*H. Snyder*, (*S. L. Bailen* with him,) for the plaintiffs.

RONAN, J. McNulty was appointed a regular court officer of the Superior Court for Suffolk County on February 2, 1931, at a salary of $2,484 together with an allowance of $100 for uniforms. Ciccolo was appointed to a similar position, and at the same salary and allowance, on April 11, 1931. St. 1930, c. 400, directed the budget commissioner of Boston to prepare and submit to the city council of Boston classification and compensation plans for every officer and employee of Suffolk County whose compensation was wholly payable by the county treasurer. The plans when adopted were to be put in effect for the financial year beginning January 1, 1931. Such plans, together with the rules for their administration, were adopted by the city council on April 13, 1931, and approved by the mayor on April 15, 1931. The compensation of court officers in the Superior Court was established at a minimum salary of $2,300, with four advancements of $100 each until the maximum salary of $2,700 was reached. These advancements in salary were to be by successive steps, after the completion of a period of meritorious service at the next lower rate for not less than twelve months. Upon the approval of the plan the salary of each of the plaintiffs was reduced to $2,300. These actions of contract are brought to recover the compensation the plaintiffs would have received if their salaries under the plan adopted were based upon the actual salary paid to each on April 15, 1931. In the Superior Court there was a finding for each plaintiff. The appeals of the city bring the cases here.

The plaintiffs contend that the cases are not properly here on appeal, that they should have been brought here by exceptions. An inspection of the agreed statement of facts shows that it was not submitted by the parties as evidence — as the plaintiffs assume, *Frati* v. *Jannini*, 226 Mass. 430; *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519; *Comstock* v. *Soule*, 303 Mass. 153 — but it was an agreement that the matter therein recited constituted all the material facts upon which the rights of the parties were to be determined. It was not a statement of the evidence from which the court was to determine the facts. It was an

agreement as to the facts themselves or, as expressed by them, "the parties hereby agree that the following are the material facts." Such an agreement was in effect a case stated. The cases are rightly before us. *Federal National Bank* v. *Koppel*, 253 Mass. 157. *Wolbach* v. *Commissioner of Corporations & Taxation*, 268 Mass. 365. *Goewey* v. *Sanborn*, 277 Mass. 168. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147. *Pesce* v. *Brecher*, 302 Mass. 211.

The city contends that the classification and compensation plans were effective as of January 1, 1931, although they were adopted and approved at a later date and that, as the plaintiffs had then not been appointed regular court officers, their salaries were properly established by the plans at the minimum rate for those who first entered the service subsequently to January 1, 1931.

St. 1930, c. 400, was entitled "An Act relative to the compensation of certain officers and employees whose compensation is paid in whole from county funds, and of registers and assistant registers of probate." Its fifth section provided for the establishment of a county personnel board and for the classification of county salaries, offices and positions, and amended G. L. c. 35 by inserting therein nine new sections, being §§ 48–56, inclusive. The issue in the present case depends upon the interpretation of §§ 8 and 9 of said c. 400, which read as follows: "Section 8. The initial classification and compensation plans and rates thereunder, provided for by this act, shall be put into effect for the financial year beginning January first, nineteen hundred and thirty-one; and the salaries and compensations of all offices and positions subject to classification under this act, as established immediately prior to the effective date of this act, shall continue without change until said initial classification becomes effective as aforesaid. Section 9. Rates of pay of officers and employees subject to this act in effect immediately prior to the effective date of classification hereunder shall be adjusted to the classified rates of compensation provided under the authority of this act in accordance with the following plan: (*a*) the rate of pay of an officer or employee receiving on said date more than the

maximum prescribed for the class to which he is allocated shall not be reduced so long as he is filling the same office or position and performing the duties thereof; (b) the rate of pay of an officer or employee who, on said date, is paid a rate between the minimum and the maximum of his class which does not correspond with any intermediate rate shall be adjusted as early as fiscal requirements permit to the next higher rate; and (c) the rate of pay of an officer or employee receiving on said date less than the minimum prescribed for a class may be increased in the discretion of the county commissioners of his county to the minimum rate of the class. The right of the incumbent of an elective county office to continue to receive compensation under the provisions of this section shall not be affected by his re-election."

The act was approved by the Governor on May 28, 1930, and became effective on August 27, 1930. The purpose of § 8 is to define the date upon which the initial classification and compensation plans were to become operative by providing that such plans "shall be put into effect for the financial year beginning January first, nineteen hundred and thirty-one." The language is not permissive or directory but imposes an obligation upon the city to put the new classification and compensation rates into operation at the prescribed time. The plans were to become effective not "in" or "during" the financial year but at the commencement of the year. It may be that it would be more convenient for the city in making up its annual budget to have the salaries of its officers and employees established at the beginning of a financial year, but, whatever the purpose, we think that the effective date of the new classification and schedule of salaries was January 1, 1931. This construction of the section is confirmed by its remaining provision, that the salaries and compensation of those subject to the act shall continue at the rates established immediately prior to the time the act became a law and until the plans became effective. In other words, the salaries and compensation payable when the act became effective in 1930 were to continue unchanged "until said initial classification becomes

effective as aforesaid," which, as we have stated, was January 1, 1931.

Section 9 provides for the adjustment of the compensation of those who were receiving "immediately prior to the effective date of classification hereunder" a rate of pay that was below the minimum or above the maximum or that did not correspond to any intermediate rate of compensation established by the new compensation plan. Section 9 must be read in conjunction with § 8, and the only salaries that could be adjusted to the new classified rates were the salaries paid to those actually in the service immediately prior to the effective date of the new classified rates of compensation. No other person was entitled to any adjustment of salary and the only adjustment permitted was in the rate of the salary paid immediately prior to the effective date of the new classification "hereunder" which can refer only to the effective date as defined by § 8.

As the plaintiffs were not regular court officers on January 1, 1931, their compensation was properly established at the minimum rate set forth in the new compensation plan, which became effective on the last mentioned date. They were paid at this rate and they are not entitled to receive anything more. The defendant is entitled to judgment in each case and it is

*So ordered.*