CONSTANCE SCACCIA *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     October 9, 1940. — February 24, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Practice, Civil*, Report.

Section 111 of G. L. (Ter. Ed.) c. 231, gave no authority for a report by a judge of the Superior Court, after a finding for the defendant, of an action submitted to him on a statement of agreed facts "for determination of the question whether on the agreed statement of facts and the inferences which may be drawn from them there was any evidence of negligence on the part of the defendant," it being "agreed and stipulated" that this court might "draw from the agreed facts any inferences of fact that might have been drawn therefrom at a trial," judgment to be entered for the plaintiff if "there was any evidence of negligence," otherwise judgment to be entered for the defendant.

TORT. Writ in the Superior Court dated July 17, 1936.

The case was reported by *Williams*, J.

*E. J. Donlan*, for the plaintiff, submitted a brief.

*S. P. Sears*, (*R. Maguire* with him,) for the defendant.

Cox, J. Trial by jury of this action of tort was waived, and it was stipulated that if on the statement of agreed facts the trial judge would have been warranted in submitting the case to a jury, he should find for the plaintiff in a stated sum, but if, as matter of law, the plaintiff was not entitled to recover, he should find for the defendant. He found for the defendant and reported the case to this court in the following terms: "I now report the case for determination of the question whether on the agreed state-

ment of facts and the inferences which may be drawn from them there was any evidence of negligence on the part of the defendant. If the court is of opinion that there was any such evidence, then judgment is to be entered for the plaintiff in the amount of the stipulated damages. Otherwise, judgment is to be entered for the defendant. It is agreed and stipulated that the Supreme Judicial Court may draw from the agreed facts any inferences of fact that might have been drawn therefrom at a trial." We are of opinion that the report is not properly before us.

The only authority for a report of this case is found in G. L. (Ter. Ed.) c. 231, § 111, which provides, so far as material, as follows: "A justice of . . . the superior . . . court . . . after a finding of the facts by the court, may report the case for determination by the full court. . . . A justice of . . . the superior court may, upon request of the parties, in any case where there is agreement as to all material facts, report the case to the full court for determination without making any decision thereon." See *Frati* v. *Jannini*, 226 Mass. 430, where it was said, at page 431, that the accurate phrase to express the way of reporting a case where there is an agreement as to all the material facts is "case stated," although not infrequently the words "agreed facts" or "agreed statement of facts" are used. It was also said in that case, at page 432: "Often a difficulty of construction arises to determine whether, on the one hand, the document stating facts is a 'case stated' or whether, on the other hand, it is merely a part or the whole of the evidence in the case or a statement of agreed facts submitted as evidence from which by inference or otherwise the ultimate facts are to be deduced. . . . The determination of that question when it arises must be made on the substance of the thing done and not upon the name or description applied to it. That question assumes importance now by reason of St. 1913, c. 716, § 5 [see now G. L. (Ter. Ed.) c. 231, § 126] whereby it is provided that inferences of fact may be drawn on a 'case stated' unless parties expressly agree to the contrary. . . . If the agreed facts are submitted to the tribunal merely as evidence and in

place of ordinary proof, then that portion of that statute does not apply and the case stands as does any other case at law coming by appeal or report from the decision of the trial judge."

It does not appear in the report that it was made upon request of the parties, although we assume, without deciding, that this may be inferred from the fact that it was agreed and stipulated that this court might draw from the agreed facts any inferences of fact that might have been drawn therefrom at a trial.

In *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519, the case was submitted by stipulation to a judge of the Superior Court on an "agreed statement of facts submitted as evidence" (page 520), and the judge reported the case without decision "in accordance with the provisions of St. 1917, c. 345" (see now G. L. [Ter. Ed.] c. 231, § 111). It was said in that case, at pages 521 and 522: "The statute does not mean that, when a finding of fact must be made in order to present a pure question of law as decisive of the case, the judge of the Superior Court can omit to make that finding and merely pass the case on to be decided both as to fact as well as law by this court. Abandonment of the judicial function by the trial court was not intended by the statute. If material facts, whether primary or ultimate, express or inferential, are omitted from facts agreed and submitted, it becomes the duty of the Superior Court judge to find those facts before he can report under the statute. Even though the ultimate facts may rest upon inferences, the duty of determining what inferences are the most rational, and of drawing such inferences from the other facts agreed, rests on the Superior Court judge before he can report the case. If such inferences need to be drawn in order to reach the ultimate essential facts, then there has not been 'agreement as to all the material facts' by the parties within the meaning of those words in the statute."

If the parties had intended that their statement of agreed facts was to be, in effect, a case stated, there would have been no occasion for any agreement that this court might draw therefrom any inferences of fact, for it would have that

power under § 126 of said c. 231. It hardly seems that this agreement was inserted out of an abundance of caution where said § 126 distinctly provides that this court "shall be at liberty" to draw such inferences, "unless the parties expressly agree that no inferences shall be drawn." Furthermore, the report in terms expressly refers to "any evidence of negligence," and to "any such evidence." Whatever may have been the intention of the parties at the outset of the trial, it would seem that as the report comes here it is expected that the "agreed statement of facts" will be considered as evidence. Before the trial court and this court were at liberty to draw inferences of fact from the facts of a case stated, it was held in the case of an appeal from a judgment upon a case stated that if it appeared that the facts stated were all that the plaintiff was able to prove, and they were insufficient to establish his case, the court would enter judgment against him upon the doctrine of the burden of proof. But if it seemed that the needed fact is inadvertently omitted, or is a fact which is susceptible of proof, one way or another, the usual course was for this court to discharge the case stated and remand the unsettled question of fact to be tried by the proper tribunal. *Old Colony Railroad* v. *Wilder*, 137 Mass. 536, 539. See *Bradshaw* v. *Crosby*, 151 Mass. 237, 238. This, perhaps, was another way of saying that the case stated did not contain all the material facts.

In the case at bar, there is no recital that the material, ultimate facts on which the rights of the parties are to be determined are set forth in the agreed statement of facts. See *Mullholland* v. *State Racing Commission*, 295 Mass. 286, 287; *McNulty* v. *Boston*, 304 Mass. 305, 306. We think it is apparent from an examination of the statement that all the material facts susceptible of proof are not set forth. It follows from this, and apart from the fact that the judge made a finding, that the case is not reportable as a case stated or as one where there is an agreement as to all material facts.

The remaining question is whether the case is reportable under the first sentence of said § 111, hereinbefore quoted. The terms of the report have been quoted in full. There

was no ruling by the trial judge on the question whether the evidence warranted a finding for the plaintiff or did not warrant such a finding. The finding for the defendant does not imply a ruling that the evidence was sufficient to support a finding for the plaintiff. The report does not disclose any ruling that the finding for the defendant was based on a ruling of law rather than upon a finding of fact. The authority given by statute to the Superior Court to make reports to this court extends only to questions of law. Where a report is based on evidence, it must show what questions of law arose in the trial court, and a judge has no authority to include in the report questions of law that might have been raised and were not. "If he is not asked at the trial to rule as to the legal effect of the entire evidence, he has no right to raise that question after verdict." *Crowe* v. *Boston & Maine Railroad,* 242 Mass. 389, 393. See *Aldrich* v. *Springfield, Athol & North Eastern Railroad,* 125 Mass. 404, 405. So far as the report goes, the judge found for the defendant and then reported the question whether the evidence warranted a finding for the plaintiff. Without a request or a ruling upon the point sought to be reported, neither party could have a valid exception unless under the special doctrine of *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166, 167, and for reasons already stated, we are of opinion that this doctrine is not applicable.

It follows that the report is not properly before us and must be dismissed.

*So ordered.*