CONSTANCE SCACCIA *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   February 8, November 8, 1944. — November 8, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Practice, Civil*, Report; Case stated; Agreed statement of facts; Inferences; Stipulation; Requests, rulings and instructions.   *Supreme Judicial Court*, Jurisdiction.   *Negligence*, Bus, Slippery substance.   *Words*, "After a finding of the facts by the court."

A stipulation in an action at law that this court might draw inferences of fact from an "agreed statement of facts" "submitted as evidence," not constituting a case stated, was an ineffective attempt to enlarge the power of this court, which was confined to determining whether

inferences drawn therefrom by the trial judge were unwarranted as matter of law.

In an action for negligence heard without a jury, in which the judge found generally for the defendant without making any finding as to negligence, a denial of a request by the plaintiff for a ruling that the evidence warranted a finding in his favor was in effect a ruling that the evidence failed to raise a question of fact as to negligence.

A ruling of law, made after hearing of an action on the merits without a jury, in effect that the evidence did not warrant a finding for the plaintiff, was not "an interlocutory finding or order" within G. L. (Ter. Ed.) c. 231, § 111.

The phrase, "where there is agreement as to all the material facts" in G. L. (Ter. Ed.) c. 231, § 111, means a case stated.

An action heard in the Superior Court by a judge without a jury solely upon an "agreed statement of facts" "submitted as evidence," with a stipulation that the trial judge and this court might draw inferences of fact from the "agreed statement," was not heard upon a case stated.

The words, "after a finding of the facts by the court" in R. L. c. 173, § 105, and in G. L. and G. L. (Ter. Ed.) c. 231, § 111, have the same meaning as the words "after . . . decision by the court" in Pub. Sts. c. 153, § 6, and the words "after the finding upon the facts" in St. 1878, c. 231, § 1.

A report of an action heard without a jury was authorized by G. L. (Ter. Ed.) c. 231, § 111, where the trial judge denied a request for a ruling that the evidence warranted a finding for the plaintiff and made a general finding for the defendant without making any other findings; the general finding was a sufficient "finding of the facts by the court" within the statute.

The facts, that a "one-man" motor bus had remained, without passengers in it, for one or two minutes at least at a terminus of the line, and that during a trip from such terminus one of three passengers in the bus, when leaving it, slipped and fell on a banana peel "four inches long, all black, all pressed down, dirty, covered with sand and gravel, dry, and gritty looking," which had been on the floor in the aisle when he boarded the bus and had remained there during the nine minutes he was on it, warranted an inference of negligence of the proprietor of the bus toward the passenger in failing to discover and remove the peel before the passenger's fall.

TORT. Writ in the Superior Court dated July 17, 1936.

After the decision by this court reported in 308 Mass. 310, the action was heard without a jury by *Williams,* J., who reported it. Material portions of the report were as follows: "The plaintiff's written motion that the finding for the defendant heretofore entered be set aside and the case stand for further hearing was duly heard and allowed. Both parties then stipulated that if on the following so called

agreed statement of facts submitted as evidence, and any inferences which I might draw therefrom, the plaintiff's written request for a ruling that the evidence warranted a finding for the plaintiff, should be allowed, I should find for the plaintiff in the sum of $750. But if as a matter of law said request for ruling should be denied, I should find for the defendant. . . . [Then followed the 'agreed statement of facts.'] I denied the plaintiff's said request for ruling and found for the defendant. To such denial of the plaintiff's request for a ruling and to the ruling I made, the plaintiff duly excepted. I now report the case for determination of the question whether on this so called agreed statement of facts, and any inferences which might be drawn from them, said request for ruling should have been allowed. If the Supreme Judicial Court is of opinion that said request should have been allowed, judgment is to be entered for the plaintiff in the amount of the stipulated damages. Otherwise, judgment is to be entered for the defendant. It is agreed and stipulated that the Supreme Judicial Court may draw from the agreed facts any inferences that might have been drawn therefrom at a trial."

*E. J. Donlan,* for the plaintiff, submitted a brief.

*S. P. Sears,* for the defendant.

LUMMUS, J. After the decision in *Scaccia v. Boston Elevated Railway,* 308 Mass. 310, this action of tort for personal injuries, resulting from slipping on a banana peel which was on the floor of a motor bus operated by the defendant in which the plaintiff was a passenger, was tried before a judge of the Superior Court, sitting without jury, upon an "agreed statement of facts" submitted as evidence, from which the judge could draw inferences of fact.

At some stage of the case the parties stipulated, as appears by the report made by the judge after his decision, that this court as well as the Superior Court might draw inferences of fact from the "agreed statement of facts." That stipulation, if effective, would produce a result much like that of a case stated. *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 108, 109. *Keefe* v. *Johnson,* 304 Mass. 572. *Galante* v. *Brock-*

*ton,* 305 Mass. 480. *Howell* v. *First of Boston International Corp.* 309 Mass. 194, 196. *Lamereaux* v. *Tula,* 312 Mass. 359, 361. *Hanifin* v. *C. & R Construction Co.* 313 Mass. 651, 661. *Harsha* v. *Bowles,* 314 Mass. 738. But unless the "agreed statement of facts" was technically a case stated, the statute (G. L. [Ter. Ed.] c. 231, § 126) empowering this court as well as other courts to draw inferences of fact from a case stated unless the parties expressly withhold that power (*Petros* v. *Superintendent of Buildings of Lynn,* 306 Mass. 368, 369) has no application. *Frati* v. *Jannini,* 226 Mass. 430, 432. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519, 523. The parties by stipulation could not enlarge our statutory authority. *Jones* v. *Clark,* 272 Mass. 146. If the "agreed statement of facts" was not a case stated, the Superior Court could draw inferences from it as it could from other evidence, but we could review those inferences only to the extent of seeing whether they were unwarranted as matter of law. *Commercial Credit Corp.* v. *Commonwealth Mortgage & Loan Co. Inc.* 276 Mass. 335, 340. *Assessors of Boston* v. *Garland School of Home Making,* 296 Mass. 378, 383. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 568. *Pequod Realty Corp.* v. *Jeffries,* 314 Mass. 713, 716.

The judge denied the plaintiff's request for a ruling that the evidence, which consisted entirely of the agreed statement of facts, warranted a finding for the plaintiff. He found for the defendant, evidently on the ground that the evidence did not warrant a finding that the defendant was negligent. *Rummel* v. *Peters,* 314 Mass. 504, 517. He made no findings of fact as to negligence of the defendant, but ruled in effect that the evidence failed to raise a question of fact. He then reported the case for a determination of the correctness of his ruling. At the threshold lies the question whether he had authority to report the case.

The authority of a judge of the Superior Court, as distinguished from a single justice of this court (*Liggett Drug Co. Inc.* v. *License Commissioners of North Adams,* 296 Mass. 41, 44), to report a civil action at law depends wholly upon G. L. (Ter. Ed.) c. 231, § 111, which author-

izes a report in only three instances, which will now be stated.

1. "*An interlocutory finding or order.*" This provision originated in St. 1900, c. 311. Plainly the ruling in question, made during the trial of the merits, was not interlocutory. *Gulesian* v. *Richardson*, 306 Mass. 184. See also *National Development Co.* v. *Gray*, 315 Mass. 127.

2. "*Where there is agreement as to all the material facts.*" These words are satisfied by nothing short of a case stated. *Moore* v. *Election Commissioners of Cambridge*, 309 Mass. 303, 305. *Scaccia* v. *Boston Elevated Railway*, 308 Mass. 310, 311. Where there is a case stated, the Superior Court, under § 111, may report the case even "without making any decision thereon." This provision originated in St. 1917, c. 345.

A statement of agreed facts is often construed as a case stated although called by some possibly ambiguous name like "agreed facts" or "agreed statement of facts." But in the present case the parties were at some pains to point out that their agreement was merely "submitted as evidence" and was not a definitive statement of the facts. *Frati* v. *Jannini*, 226 Mass. 430. *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519. *Jones* v. *Le May-Lieb Corp.* 301 Mass. 133. *Scaccia* v. *Boston Elevated Railway*, 308 Mass. 310. *Ray, petitioner*, 314 Mass. 195. *Pequod Realty Corp.* v. *Jeffries*, 314 Mass. 713, 715. *Cerwonka* v. *Saugus*, 316 Mass. 152. Compare *McNulty* v. *Boston*, 304 Mass. 305, 306, 307. We think that the "agreed statement of facts" was not a case stated, although, equally with a case stated (*Untersee* v. *Untersee*, 299 Mass. 417, 420; *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 60, 61), it became part of the record. *Norton* v. *Musterole Co. Inc.* 235 Mass. 587, 590. *Gallo* v. *Foley*, 299 Mass. 1, 6. *Pequod Realty Corp.* v. *Jeffries*, 314 Mass. 713, 716. *Harrington* v. *Anderson*, 316 Mass. 187, 192.

3. The third and remaining instance is a report "*after verdict, or after a finding of the facts by the court.*" The authority to report after verdict is as old as the Superior Court, and originated in St. 1859, c. 196, § 32, by which a

report could be made "at any time after verdict and before judgment in a civil action." See *Granger* v. *Lovely,* 302 Mass. 504, 506. A verdict ordered by the judge on the ground that there was no evidence warranting a contrary verdict, and consequently that there was no question of fact for the consideration of the jury, is nevertheless a "verdict" permitting a report. *Comstock* v. *Soule,* 303 Mass. 153, 157. *Ballam* v. *Metropolitan Life Ins. Co.* 295 Mass. 411, 412.

Statute 1878, c. 231, § 1, gave to the Superior Court, in a case tried without jury, authority to report questions of law "after the finding upon the facts," "in like manner as if a verdict had been rendered." *Bearce* v. *Bowker,* 115 Mass. 129. In Pub. Sts. (1882) c. 153, § 6, the phrase was shortened to "after verdict or decision by the court." Plainly a general "finding" or "decision," in a case tried without jury, then was sufficient foundation for a report, whether or not based upon a ruling that the evidence did not warrant a contrary finding or decision. There is no reasonable ground for any difference in this respect between verdicts and findings.

In R. L. (1902) c. 173, § 105, without any reason that we can discover, the phrase was changed to read "after verdict, or after a finding of the facts by the court." The change was contained in the Report of the Commissioners who prepared the Revised Laws, without explanatory note. The commissioners were without authority to report substantive changes. *Commissioners of Public Works* v. *Cities Service Oil Co.* 308 Mass. 349, 359.

Ever since the Revised Laws the phrase has remained as in that revision. As to reports from the Land Court the comparable phrase remained and still remains in substance "after any decision or decree dependent upon questions of law," and it was and is provided that questions of law may be carried to this court "in the same manner" as from the Superior Court. R. L. (1902) c. 128, § 13. St. 1902, c. 458, § 1. St. 1904, c. 448, § 8. St. 1910, c. 560, §§ 1, 6. G. L. (1921) c. 185, § 15. G. L. (Ter. Ed.) c. 185, § 15. But in the revision of 1921 reports from the Land Court were also brought within G. L. (1921) c. 231, § 111, in the same words

that applied to reports from the Superior Court. Nowhere is there any suggestion of conflict between these two provisions for reports from the Land Court. Nothing in the Report of the Commissioners suggests that any change in the authority of the Land Court to make a report was intended when its authority was assimilated to that of the Superior Court.

The rule is familiar that verbal changes made in a revision of a statute do not change its meaning unless an intent to change the meaning plainly appears either from the words themselves or from the legislative history. *Walsh* v. *Commonwealth*, 224 Mass. 39. *See* v. *Building Commissioner of Springfield*, 246 Mass. 340, 343, 344. *Byfield* v. *Newton*, 247 Mass. 46, 56, 57. *Arthur A. Johnson Corp.* v. *Commonwealth*, 306 Mass. 347, 353. *Commissioners of Public Works* v. *Cities Service Oil Co.* 308 Mass. 349, 359, 360. *Silverman* v. *New York Life Ins. Co., ante,* 101.

We are satisfied that the phrase contained in G. L. (Ter. Ed.) c. 231, § 111, "after a finding of the facts by the court," is merely an amplification of the phrase used in Pub. Sts. (1882) c. 153, § 6, "after . . . decision by the court," and the phrase used earlier in St. 1878, c. 231, § 1, "after the finding upon the facts," without any intended change in meaning. We think a general finding or decision, such as is equivalent to a verdict in a jury case, is a sufficient "finding of the facts by the court" within G. L. (Ter. Ed.) c. 231, § 111, even though it results from a ruling of law that a contrary finding or decision would not be warranted by the evidence. So far as *Comstock* v. *Soule,* 303 Mass. 153, decides or declares the law differently, it is not followed. The present report in this case is within the statute. The failure of the earlier report in this case was due to the absence of a ruling of law. *Scaccia* v. *Boston Elevated Railway,* 308 Mass. 310.

We now come to the merits of the ruling. When the plaintiff boarded the defendant's motor bus at Cleary Square in the Hyde Park section of Boston at noon on October 2, 1934, it could have been found that there was on the floor, in the aisle, near the front of the bus, a banana

peel "four inches long, all black, all pressed down, dirty, covered with sand and gravel, dry, and gritty looking." When the plaintiff left the bus nine minutes later, she slipped and fell on the banana peel, which remained in the same position. Only three passengers were in the bus during the trip. It could have been found that Cleary Square was one terminus of the line, and that the bus remained there without passengers in it for "a minute or two" at least. The bus was operated by one man.

The question is whether the foregoing basic facts warrant an inference of negligence on the part of the defendant or its operator. No one would be likely to enter the bus except servants of the defendant and passengers. In the ordinary course of events, no passenger would carry into the bus a banana peel, or a banana, in the condition shown by the agreed facts. Such a condition naturally would result from lying a considerable time on the floor. We think that it could be found that the peel had remained on the floor of the bus so long that in the exercise of due care the defendant should have discovered and removed it. *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273. See also *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232.

A number of cases in which the unexplained presence on floors or stairs of discarded parts of fruit was held insufficient evidence of negligence may be distinguished. In *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52, the banana peel did not appear to be other than fresh. In *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524, where a banana peel was much like that described in the *Anjou* case, it lay on stairs leading from the street, and might have been recently thrown there by a child in play. In *McBreen* v. *Collins*, 284 Mass. 253, and *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489, the plaintiff fell on a lemon or orange peel that showed no marks of age comparable to those in the present case. In other cases the cause of the injury was an apple core or other fruit which would become discolored sooner than a banana peel would become in the condition described in the evidence in the present case. *O'Neill* v. *Boston Elevated Railway*, 248 Mass. 362. *Sisson* v. *Boston Elevated Railway*,

277 Mass. 431. *Renzi* v. *Boston Elevated Railway*, 293 Mass. 228.

In accordance with the terms of the report, judgment is to be entered for the plaintiff as upon a finding for $750.

*So ordered.*