McHugh, J.
This is a case in which the plaintiff, Richard P. Rand, has sued the Superintendent of the Massachusetts State Police, the Massachusetts Department of State Police (“Department”) and the Commonwealth claiming that he was improperly denied his appropriate place on a promotion list for the position of State Police captain. The material facts are not in dispute and the parties have submitted the matter to the court for a jury-waived resolution as a case stated. Based on the facts set forth in the parties’ submission and the reasonable inferences I have drawn from those facts, see, e.g., Scaccia v. Boston Elevated Ry. Co., 317 *192 Mass. 245, 247-48 (1944), I find and conclude as follows:
FINDINGS OF FACT
Before 1992, at least four police departments, i.e., the Massachusetts State Police, the Registry Police, the Capital Police and the MDC Police, were under the Commonwealth’s direction and control. Commencing July 1, 1992, all four were consolidated into the Department. St. 1991, c. 412, §1.
Before the four departments were consolidated, the State Police had a two-track promotion system in the higher levels, one dealing with the so-called uniformed branch and the other dealing with the so-called detective branch. A sergeant could seek promotion to the position of detective lieutenant or of lieutenant. Only a detective lieutenant, however, could be promoted to detective captain. Likewise, lieutenants, and only lieutenants, could be promoted to captain. Promotion along either track required participation in a competitive examination. St. 1977, c. 797, §1 (G.L.c. 22, §9S (1991)); St. 1965, c. 785, §2 (G.L.c. 22, §90 (1991)).
Before consolidation, Plaintiff was a lieutenant in the State Police. On October 13, 1990, having passed a written promotional examination for detective lieutenant, plaintiff was promoted to that position. He continued to hold that position after consolidation.
As part of the 1992 consolidation, the Legislature removed detective lieutenant and detective captain from the list of titles subject to the competitive promotional process, thereby making those positions appointive. Accordingly, from the time consolidation became effective in 1992 to present, all officers of the Department who became a detective lieutenant were appointed by the Superintendent and none was required to take a competitive examination before his or her appointment.
Although the positions of detective lieutenant and detective captain were eliminated from the competitive process, they were not entirely removed from the Department’s organizational structure.[1] On the contrary, at all material times, and at present, Article 4.1 of the Department’s Rules and Regulations has provided as follows:
The order of titles and ranks in the Massachusetts State Police shall be as follows: Colonel/Superintendent, Lieutenant Colonel/Deputy Superintendent, Lieutenant Colonel, Major, Detective Captain, Captain, Detective Lieutenant, Lieutenant, Sergeant, Trooper.
As stated, however, post-consolidation detective lieutenants and captains obtain their position through appointment, not examination. Article 3.4.2 of the Department’s Rules & Regulations has provided at all material times since consolidation as follows:
The Colonel/Superintendent shall fill vacancies in the ranks of Detective Captain from officers holding the rank of Captain and shall fill vacancies in the rank of Detective Lieutenant from officers holding the rank of Lieutenant. Any officer so appointed to the rank of Detective Captain or Detective Lieutenant on or after July 1, 1994, may be returned to their previous rank at the discretion of the Colonel/Superintendent.
In January 1998, the Department issued a notice announcing that a written promotional examination would be conducted on April 4, 1998 for those officers eligible for promotion to captain under G.L.c. 22C, §26.[2] When the Department issued its notice, and now, there were 24 detective lieutenants in the Department. Eleven of those 24, including plaintiff, had achieved their position through a competitive examination under the old, two-track system and the remaining 13 had been appointed to their position by the Superintendent.
Plaintiff took and passed that examination. He was the only pre-consolidation detective lieutenant to do so. Accordingly, he became the only detective lieutenant who had passed the then-current examination and had achieved the position of detective lieutenant as the result of an earlier competitive examination.
Ninety-two officers in addition to plaintiff took and passed the examination, including 5 detective lieutenants whom the Superintendent had appointed. The remaining 87 test-takers were lieutenants. After the examination, the Department prepared and published a promotion list containing the names of all officers who had taken the examination. The order in which names appeared on the list was based on the officer’s performance on the examination. Plaintiff was ranked 60th in the field of 93.
When the promotion list was published, Plaintiff contended, as he contends now, that, given the language of G.L.c. 22C, §26, he was the only person on the list actually eligible for promotion to captain. Consequently, on April 14, 1998, he appealed to the Department’s Personnel Director from the order by which the Promotional List was issued. His appeal was denied.
On April 18, 1998, pursuant to G.L.c. 22C, §43, plaintiff requested a hearing regarding the Department’s denial of his appeal. On August 6, 1998, the Department held a hearing on plaintiff s appeal and, four days later, issued a written decision denying it.
CONCLUSIONS OF LAW
At the heart of the dispute between plaintiff and defendants is G.L.c. 22C, §26. Considered both by itself and in context, that statute is no model of clarity. Its interpretive difficulties stem from its use of two different terms, “title” and “rank,” to describe positions individuals can hold in the Department. The interpretive difficulties are compounded by use of those terms elsewhere in Chapter 22C and by the chapter’s use of a third term, “grade,” that also appears to describe the *193 same Departmental positions. Finally, the interpretive difficulties flow from the manner in which the statute has been amended since it originally was promulgated as part of the consolidating statute.
To begin at the beginning, when initially enacted as part of St. 1991, c. 412, §22, c. 22C, §26 read as follows:
Section 26. The colonel may promote uniformed members of the state police who are eligible for promotion to the title[3] of noncommissioned officer, lieutenant, detective lieutenant, captain and detective captain. All promotions shall be based on the following factors which shall be marked on a percentage basis:
(1) a competitive promotional examination open to all members who have completed not less than one year of service in the next lower title or who have completed a total of ten years of service as a uniformed member prior to the final date for filing applications for such examination;
(2) the most recent evaluation of the member’s performance in accordance with the provisions of Section twenty-two;
(3) longevity, based upon a granting of five percent for each year of service plus one-twelfth of such five percent for each additional full month of service, up to twenty years of service, computed as of the final date for the filing of applications for such promotions;
(4) for promotion to a position of a commissioned officer,[4] an oral interview conducted by uniformed members of the state police, or by officers of the state police department holding a grade[5] higher than that for which the examination is being given.
In ranking members for the purpose of promotion to a title below that of lieutenant, such factors for promotion shall be weighted as follows: written examination, nine; performance evaluation, four; and longevity, seven.
In ranking members for the purposes of promotion to the title of lieutenant, detective lieutenant, captain or detective captain, such factors shall be weighted as follows: written examination, eight; performance evaluation, three; longevity, six; oral interview, three.
No member shall be eligible for promotion unless he has attained a mark of at least seventy percent in the written examination. Any member who is a veteran shall have two points added to his examination score for the purpose of compiling an eligible list for promotion.
Prior to making any promotions in accordance with the provisions of this section, the colonel shall publish and distribute in the orders of the department for each title in the department a list of the members who are eligible for promotion to each such title in the order in which each member shall be considered for such promotion; provided that such order shall [be] based upon the final determination by the colonel in accordance with the provisions of clause (2) or (3) of the first paragraph.
Each such eligible list for promotion shall be used by the colonel from which to fill vacancies for a period of two years from the initial date of said publication; provided, however, if a new eligible list shall not have been established after such two year period, each such eligible list shall continue to be used by said colonel for promotions until a new eligible list shall have been established. Any promotion to a vacancy occurring in any title for which an examination is conducted in accordance with the provisions of this section shall be made from the first three members on such list who is eligible for such promotion and is willing to accept such promotion.
Emphasis added.
Apparently, application of the first paragraph of §22C to what theretofore had been a two-track promotional path caused some difficulties. Accordingly, in 1992, the Legislature passed St. 1992, c. 23, §§6, 6A. Section 6 struck the first sentence of §22C and replaced it with a sentence that read, and now reads, as follows:
The colonel may promote uniformed members of the state police who are eligible for promotion to the title of noncommissioned officer, lieutenant or captain.
Emphasis added. Section 6A made a comparable change to the third paragraph.
On August 9, 1996, the first subparagraph of paragraph 1 was stricken and replaced with the following:
(1) a competitive promotional examination open to all members who have completed not less than one year of service in the next lower rank,[6] or title, or, in the alternative, to have spent at least some time in the next lower rank and to have completed at least ten years of service as a uniformed member prior to the final date for filing applications for such examination.
St. 1996, c. 324, §1 (emphasis added).
Against that backdrop, Plaintiff takes the position that the term “next lower rank, or title” as used in chapter 22C, §26 is detective lieutenant. Moreover, he contends, the “detective lieutenants” who occupy the “next lower rank, or title” as that term is used §26 are only those who achieved their position through a competitive process before consolidation occurred. Accordingly, plaintiff maintains, he is the only individual on the January 1998, promotion list who is actually eligible for promotion to captain.
Defendants, on the other hand, state that the reference to “next lower rank, or title" in §26 refers to the *194 “next lower rank, or title” among the three listed in §26 itself, i.e., “noncommissioned officer, lieutenant or captain.” For purposes of applying §26, defendants maintain, detective lieutenants and lieutenants are considered as occupying the same rank or title. I am of the opinion that defendants are correct.
In the first place, statutes are to be construed in a manner designed to effectuate the legislative intent as that intent is revealed by the statutoiy language and the context in which the language appears. Commonwealth v. Baker, 368 Mass. 58, 68 (1975). In 1992, the Legislature specifically deleted the words “detective lieutenant" and “detective captain” from the statute’s first sentence. It would be anomalous, to say the least, for one to construe §26 in a manner that preserved the operative impact of two titles the Legislature explicitly and specifically deleted.[7]
Second, plaintiffs interpretation of the statute either produces a result that is at war with the manifest statutoiy purposes or is absurd. The examination process set out in §26 is designed to remove politics and personal favoritism from the promotion process. If “detective lieutenants” are the only individuals now entitled to take an examination for captain, then the pool of eligible applicants will soon [8] be composed of individuals who have been appointed to their position. A statute designed to create a competitive promotion plan thus would be transformed in practice into one that simply placed a competitive patina on an appointive core.
If, on the other hand, one somehow were to conclude that the current statute silently preserves a reference to no longer existing detective lieutenants who achieve their position through a competitive process, then the statute embodies a scheme in which the only people eligible for the captain’s examination in the consolidated Department are those who achieved their position before consolidation occurred. Moreover, if that were the statute’s proper construction, then the Legislature intended a promotional process that soon[9] would purge itself of all who were eligible for promotion. Creating that kind of a scheme makes no sense whatsoever and no court may lightly attribute to the Legislature the purposeful creation of an absurd result. First National Bank of Boston v. Attorney General, 362 Mass. 570, 580-81 (1972).
To be sure, current Department regulations contain a reference to detective captains and detective lieutenants and contain a hierarchy in which “detective lieutenant” is the position immediately above lieutenant and immediately below captain. A plausible argument therefore can be made that, under the regulations, “detective lieutenant" is the rank or title next below captain. Regulations 4.1,4.2. The fact that the Department has elected for administrative purposes to maintain that ordering of ranks and titles, however, does not change either the definitions or the scheme the Legislature used in §26. Moreover, there is no necessary inconsistency between the regulations and §26 for nothing in §26 prohibits the Department’s creation of ranks or titles for administrative purposes in addition to those for which the Legislature has prescribed a competitive examination.
ORDER
In light of the foregoing, it is hereby ORDERED that judgment enter
1. Dismissing Count I of the complaint;
2. Declaring that Plaintiff is not the primary eligible officer under G.L.c. 22C, §26 to be promoted to the rank or title of Captain from the current promotion list.

 Indeed, as will be seen momentarily, those titles were not completely eliminated from the statutes governing the Department.

Before the 1998 captain’s examination, the last such examination was held in January of 1994. That examination produced a list of 27 officers eligible for promotion to captain. By January of 1998, that list had been exhausted and creation of a new one thus was required.

The term “title” appears in four other sections of Chapter 22C. Section 1, containing definitions, uses the term “title of rank" to describe “lieutenant, detective lieutenant, captain [and] detective captain.” It also uses the same term to describe “major, lieutenant colonel [and] colonel.” Section 1 uses the term “title,” not “title of rank,” to describe “sergeant." Significantly, although each of the other positions is sometimes referred to in other Sections of c. 22C as a “rank" and sometimes as a “title,” no other Section of Chapter 22C uses the term “rank” in connection with the position of “sergeant." Looking at the way the terms “rank" and “title” are used in the remainder of the chapter, therefore, I am of the opinion that the word “of’ as used in the two cited definitional provisions of §1 was meant to be “or.” See 2A Singer, Sutherland Statutory Construction §§47.37, 47.38 (5th ed. 1992) (if clerical error, court may depart from plain meaning in order to effectuate legislative intent). The second additional use of the term appears in §27 which provides that:
Any vacancy that occurs in the title of lieutenant colonel shall be filled by the colonel from uniformed members who hold the title of major or captain.
Any vacancy that occurs in the title of major shall be filled by the colonel from uniformed members who hold the title of captain.
The third use is in §28 which provides that
No person shall be eligible for appointment to the following titles until he shall have completed the following period of service as a uniformed member of the state police: sergeant, five years; lieutenant, eight years; captain, twelve years; and major, fourteen years.
The fourth use of the term “title" is in §67 in a context here irrelevant.

The term “commissioned officer” is defined in c. 22C, §1 as "a member of the state police holding a title [or] the rank of lieutenant, detective lieutenant, captain or detective captain." See n. 3, supra. The term “commissioned officer” then appears in 23 (affirmative action) and 26 (promotions) and 28A (salaries).

 The term “grade” appears only in §26 and in §28A. The latter section deals with differences in pay attending various Department provision and, in material part, provides as follows:
[E]ach officer in grade of lieutenant in the department of state police shall receive a base salary of fifteen point five *195 percent greater than the regular salary payable to the next subordinate grade and all other commissioned officers and staff officers shall receive a base salary nine percent greater than the regular salary payable to the next subordinate grade, in accordance with a schedule submitted by the commissioner of administration to the house and senate committees on ways and means.
For purposes of §28A, therefore, “lieutenant" is a “grade," not a “rank” or “title.” Section 26 appears to be a carry-over from the pre-consolidation statutes, where various positions in the State police were referred to as “ranks” or “grades” but not “tities.” See G.L.c. 22, §§3, 3A, 90, 9P, 9S (“rank”), 90, 9P, 9Q, 9S, 9T (“grade”) (1991). It may well be that, in view of §28A, the Legislature has preserved, or gave the Superintendent the power to preserve, a distinction between lieutenant and detective lieutenant for pay purposes although abolishing that distinction for purposes of competitive promotions.

The term “rank” appears in eleven sections of chapter 22C in addition to 26. In Section 1, it appears in the definitions. See n.3, supra. Section 3 provides that the colonel shall be appointed by the governor from members of Department above the “rank” of lieutenant. Sections 4, 5, 6, 7 and 8 provide that the colonel may appoint department heads and assign to them the “rank or temporary rank” he or she deems appropriate. Section 10 empowers the colonel to promulgate appropriate rules and regulations governing, among other things, “rank structure” within the Department. Section 24, which discusses reductions in force, requires that reductions take into account “seniority in rank.” Section 25, which pertains to professional examinations, discusses the right members of the Department have to contest, among other things, the suitability of examination questions to test the fitness of examination questions for the “dominant duties of the rank for which the examination was held.”

To be sure, implicit mention of “detective lieutenant” and “detective captain" was preserved in through the reference to "commissioned officer” in subparagraph (4) of paragraph 1 and the definition of “commissioned officer” in §1, a definition that was unchanged after the Legislature deleted reference to detective lieutenant and captain from §26. The only other places where the term “commissioned officer” appears are §26, dealing with affirmative action, and 28A, dealing with pay. Construing §26 as a whole, I am of the opinion that, whatever else the reference to "commissioned officer” in ¶1, subparagraph (4) was designed to do, it was not designed to preserve implicitly a distinction the Legislature had explicitly removed.

At some point, the few remaining detective lieutenants who achieved their position through a competitive process will have retired and left the ranks, leaving behind only detective lieutenants who have been appointed.

See n.7, supra.