MARJORIE B. PITMAN *vs.* COMMERCIAL TRAVELLERS'
EASTERN ACCIDENT ASSOCIATION, INCORPORATED.

Suffolk.   October 4, 1933. — November 28, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Insurance*, Accident.

Where a policy of accident insurance provided that no indemnity there-
under should be paid "for any injury caused wholly or in part, directly
or indirectly, by . . . surgical operations, medical treatment . . . ,"
there could be no recovery for death of the insured which resulted
from tetanus caused by a germ in a kangaroo tendon suture used by
a surgeon to tie up or close a portion of an opening in the abdominal
cavity following a successful operation for hernia.

CONTRACT.   Writ dated September 1, 1930.

In the Superior Court, the action was heard by *Qua*, J.,
without a jury.   Material facts agreed upon by the parties
and found by the judge are stated in the opinion.   The
judge found for the defendant and reported the action for
determination by this court.

*H. A. Bowen*, for the plaintiff.

*R. Walsworth*, for the defendant.

PIERCE, J.   After a hearing on agreed facts, and a con-
sideration of certain testimony which it was agreed wit-
nesses would give, the trial judge found for the defendant
and ordered judgment accordingly.   He then reported the
case to this court, at the request of the parties, with the
statement that "If my rulings and findings were right and
warranted, . . . judgment is to be entered on the finding;
otherwise judgment is to be entered for the plaintiff for the
sum of $5,000 and interest thereon from April 1, 1930."

The agreed statement of facts and the testimony of cer-
tain witnesses disclose that the case is an action at law
brought by the widow of Gilbert L. Pitman to recover as
beneficiary under a policy of insurance issued to Gilbert
L. Pitman by the defendant, a fraternal benefit society

organized under G. L. c. 176, and depending for funds to meet proper claims upon assessments. "Gilbert L. Pitman was a member in good standing of the defendant association and was entitled to all the benefits of a member in good standing at his death and his widow, Marjorie B. Pitman, is entitled as beneficiary to all benefits accruing upon death of a member to the beneficiary of a member in good standing at the time of the death of said Gilbert L. Pitman under and in accordance with the terms of the by-laws of the defendant and of a contract or certificate of membership issued by the defendant to Gilbert L. Pitman, dated the fourteenth day of April, 1928, and bearing number 27,037." The defendant by its policy covenanted and agreed with the member Gilbert L. Pitman, his executor and administrator, "1st. That within sixty days from the receipt by the Board of Directors of the said Association of proof satisfactory to said Board of the death of the said member, and that his death has been caused wholly and entirely by external, violent and accidental means, which . . . shall leave upon the body of said member an external and visible mark, the said Association, provided the death of the said member shall have occurred within ninety days from the happening of the said means of death, will pay to Marjorie B. Pitman, wife of the said Gilbert, the amount realized from one death assessment of three dollars . . . not to exceed the sum of TEN THOUSAND DOLLARS ($10,000) if said death shall have resulted from accident which occurred to the member while riding as a passenger on a passenger train and inside a passenger car thereof, which train or car was propelled by steam power, or while such train or car was being operated by electricity. 2nd. In case of death (other than as stated in Item No. 1), provided the death of the said member shall have occurred within ninety days from the happening of the means of death . . . FIVE THOUSAND DOLLARS ($5,000)." The policy contains certain "GENERAL CONDITIONS" which read, so far as they are pertinent to the issue here raised, as follows: "It is further understood and agreed that, No indemnity shall be paid to any member for any

disability or injury of which there shall be no external and visible mark on the body of the member, nor for any injury caused wholly or in part, directly or indirectly, by . . . surgical operations, medical treatment . . . . Nor shall any indemnity be paid to the beneficiary of any member for the death of said member resulting from an injury caused wholly or in part, directly or indirectly, by either of the foregoing causes."

Due notice in writing of the death of the deceased was given to the defendant and the proof of death and claim for indemnity on the form provided by the defendant were filed by the beneficiary with the defendant, both within the period prescribed by the by-laws and the certificate.  The association in writing waived the right to an examination or autopsy upon the body of the deceased.  Medical testimony, found by the trial judge to be true, warranted a finding that there was an "external and visible mark" on the body of the member showing that his death was caused by "external, violent and accidental means."

The circumstances attending the death of the member of the association shown by the agreed statement of facts are as follows: "On or about the fifteenth day of February, 1930, said Gilbert L. Pitman was operated upon by competent surgeons for the removal or correction of a hernia, and for this purpose his abdominal cavity was opened. The operating surgeon would testify [and the trial judge found that such testimony would be true] that the operation for hernia was successful and in no way caused or contributed to the death of Pitman, nor was hernia a direct or contributory cause of said death, and that he died from tetanus.  The operating surgeon and others in attendance would testify further that he was supplied with a kangaroo tendon suture which contained the germ of tetanus, and that the surgeon, not knowing that the kangaroo tendon suture contained the germ of tetanus, but supposing it was a properly sterilized suture adaptable for the purpose for which he was to use it, placed it inside the abdominal cavity of the deceased for the purpose of tying up and closing a portion of the opening in the ab-

dominal cavity and in consequence of the germ of tetanus contained in said suture said Gilbert L. Pitman became infected with the germ of tetanus and died on the twenty-fourth day of February, 1930."

We do not understand that the defendant makes contention that the injury to the member was not caused "by external, violent and accidental means"; the defendant rests its defence on the thesis that the death of the member was not caused wholly by external, violent and accidental means, but was caused in part "directly or indirectly, by a surgical operation." On the finding "that the operation for hernia was successful and in no way caused or contributed to the death of Pitman" the plaintiff contends that the cause was wholly separate and apart from the operation and at a time when the body of the decedent was exposed and peculiarly sensitive to the injury, citing *Freeman* v. *Mercantile Mutual Accident Association*, 156 Mass. 351, *H. P. Hood & Sons* v. *Maryland Casualty Co.* 206 Mass. 223. We think, however, that the "tying up and closing a portion of the opening in the abdominal cavity" was a necessary part of the surgical operation or, if disconnected with that operation, was a necessary part of the medical treatment given by the operating surgeon or by the attending physician if any such were present, and that the decisions of the board of directors and of the judge disallowing the claim of the plaintiff because "the death of said Pitman resulted from an injury caused wholly or in part, directly or indirectly, by a surgical operation" were right.

It follows in accordance with the stipulation that judgment is to be entered for the defendant; and it is

*So ordered.*