## CENTURY INDEMNITY COMPANY v. C. S. CARROLL.

No. 6447.   Decided November 6, 1935.
(86 S. W., 2d Series, 1083.)

*Robertson, Robertson & Payne,* of Dallas, for plaintiff in error.

The evidence showing that the death of Mrs. Carroll was the result of medical or surgical treatment, and failing to show that it resulted from a cause covered by the policy, no recovery should be had.   International Travelers Ass'n. v. Yates, 29 S. W. (2d) 980; Coyle v. Palatine Ins. Co. (Com. App.), 222 S. W., 973; Pelican Ins. Co. v. Troy Co-op Ass'n., 77 Texas, 225, 13 S. W., 980.

*J. Lee Zumwalt,* and *Sullivan & Wilson,* all of Dallas, for defendant in error.

The injury resulting was an accidental one and entitled plaintiff Carroll to recover the full amount of said policy, and the court properly gave to the jury peremptory instructions to find for him. Commonwealth Cas. Co. v. Coogle, 31 S. W. (2d) 362; 40 C. J., p. 21, note 45; Id., p. 625, "Medical"; 48 C. J., p. 1065, "Surgeon."

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a suit for indemnity, under an accident insurance policy, for the death of Mrs. Connie Carroll. The policy was issued by the Century Indemnity Company to Mrs. Carroll in her lifetime. The suit was tried before a jury, but at the conclusion of the testimony the trial court peremptorily instructed a verdict for the plaintiff for the amount of the policy, and judgment was entered accordingly. The Indemnity Company appealed and the Court of Civil Appeals affirmed said judgment. 55 S. W. (2d) 873.

The facts are undisputed, they are substantially as follows:

The policy sued on was in force at the time the several events now to be mentioned occurred. Mrs. Carroll had a tooth extracted by a dentist. The tooth was not paining her, but she had pyorrhea. The tooth was not entirely erupted and, being crowded by other teeth, produced an unhealth condition. The tooth was extracted by the dentist as an aid to his treatment of the pyorrhea. A few days after the tooth was extracted the wounded gum became infected. The condition was diagnosed as acute gangrenous cellulitis. The infection occurred in an unaccountable way. A few days later, it resulted in the death of Mrs. Carroll.

The insuring clause of the policy provides for insurance against "loss resulting directly and independently of all other causes from bodily injuries effected during the term of this policy solely through external, violent and accidental means."

Another clause of the policy provides, so far as presently material, as follows:

"This insurance shall not cover accident, injury, death or other loss caused directly or indirectly by medical or surgical treatment * * *."

The extraction of the tooth was the accidental means of causing the death of Mrs. Carroll, and being external and violet, same falls within the meaning of the insuring clause

quoted above. International Travelers Association v. Francis, 119 Texas, 1, 23 S. W. (2d) 282. It is entirely clear, too, that the act of extracting the tooth was a "surgical treatment" of the unhealthy condition in relation to which the act was done, and, therefore, falls within the meaning of the last quoted clause of the policy. This being the case, the company is under no liability for the death of Mrs. Carroll which was directly caused by such surgical treatment.

In the motion for rehearing filed by the company in the Court of Civil Appeals, the company urged for the first time, a different exemption clause from that discussed above, as exempting it from liability for loss caused by infection. The Court of Civil Appeals refused to consider this ground of complaint thus presented. Whether the action of said court be correct or not is immaterial, for the reason we have not taken such clause into consideration in reaching a decision.

The case seems to have been fully developed in the trial court. The judgment of said court, and that of the Court of Civil Appeals affirming it are reversed and judgment is here rendered for the indemnity company.

Opinion adopted by Supreme Court November 6, 1935.