EVELYN R. BALLAM, administratrix, *vs.* METROPOLITAN
LIFE INSURANCE COMPANY.

Suffolk.    January 7, 1936. — September 23, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Insurance,* Accident.    *Proximate Cause.    Evidence,* Presumptions and
burden of proof.

Provisions of a policy of insurance for indemnity in case of death of the
insured resulting from "bodily injuries sustained . . . solely through
violent external and accidental means," excepting from the coverage
death caused "wholly or partly by . . . bodily . . . infirmity or by
. . . surgical treatment thereof, or by hernia," did not as matter of
law relieve the insurer of liability where there was evidence that an
accident to the insured caused a direct hernia, that a surgical operation was performed and was a proper treatment therefor, and that an
embolism which was an incident of the operation caused his death.
A plaintiff is not bound by unfavorable portions of testimony of witnesses called by him.

CONTRACT.    Writ in the Superior Court dated December
19, 1934.

The action was tried before *Swift,* J., who ordered a verdict for the defendant and reported his ruling for determination by this court on the stipulation quoted in the opinion.

*J. A. Herbert,* (*D. C. Sachs* with him,) for the plaintiff.

*B. J. Killion,* for the defendant.

FIELD, J.    This is an action of contract brought by the plaintiff as administratrix of the estate of her husband William R. Ballam, deceased, upon two policies of life insurance issued by the defendant, to recover benefits arising under provisions therein for double indemnity in the event of the accidental death of the insured.    The declaration contains a count on each of these policies.    Such provisions

of the policy declared on under the first count covered the death of the insured "suffered as a result, directly or independently of all other causes, of bodily injuries sustained . . . solely through violent external and accidental means." In this respect the language of the policy declared on in the second count is not materially different. Exceptions to the coverage by such provisions of the policy declared on in the first count include the following: ". . . nor shall such insurance cover accident, injury, death or other loss caused wholly or partly by disease, or bodily or mental infirmity or by medical or surgical treatment thereof, or by hernia, ptomaine, or by bacterial infection (except only septic infection of and through a visible wound accidentally sustained)." Exceptions to the coverage by such provisions of the policy declared on in the second count include the following: "No Accidental Death Benefit will be paid . . . if death is caused or contributed to, directly or indirectly, or wholly or partially, by disease, or by bodily or mental infirmity." The trial judge "directed a verdict for the defendant on the ground that the clauses of exception contained in the policies relieved the defendant of liability," and reported his ruling to this court for determination on the stipulation of the parties that if the ruling was correct "judgment is to be entered on the verdict; otherwise judgment is to be entered for the plaintiff in the amount prayed for in her declaration, with interest and costs."

The only matter for our determination is the question reported, that is, whether as matter of law on the evidence the "clauses of exception contained in the policies" — material portions of which are quoted above — "relieved the defendant of liability." *Holbrook* v. *Young,* 108 Mass. 83, 87. *Crowe* v. *Boston & Maine Railroad,* 242 Mass. 389, 392–393. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384–385. The case, therefore, must be considered on the ground that the plaintiff is entitled to recover on each count of the declaration unless such recovery is precluded by the clause of exception in the policy referred to in such count. We do not stop to consider whether the clauses of

exception in question merely explain the language of the policies limiting the double indemnity coverage of such policies to death resulting "directly or independently of all other causes" from "bodily injuries" sustained "solely through violent external and accidental means," and, consequently, leave on the plaintiff the burden of bringing the case within the terms of these policies as so explained, or, on the other hand, exclude from the general provisions for coverage cases which otherwise would be included within them, so that the burden of bringing the case within the clauses of exception rested on the defendant. See *Nichols* v. *Commercial Travellers' Eastern Accident Association*, 221 Mass. 540, 546, and cases cited; *Leland* v. *United Commercial Travelers of America*, 233 Mass. 558, 565. For we are of opinion that, even if the burden of bringing the case within the terms of the policies as so explained was on the plaintiff, the verdict for the defendant was not rightly directed.

There was evidence that on May 3, 1934, the insured, who, except for a strain in 1931 and another in 1932, had always been in excellent physical health, while working in the warehouse of his employer carrying two five-gallon cans of oil, weighing approximately fifty pounds each, slipped and fell on an oily floor and suffered great pain in his right groin; that he continued to suffer such pain; that an ice bag was used and a truss, but the insured did not obtain relief therefrom; and that on July 12, 1934, the insured was operated on for hernia and on July 22, 1934, died of pulmonary embolism. According to testimony of medical witnesses the operation "caused the embolism" which was "an incident of surgery" and "apt to set in after any operation," the "operation was a reasonable cure from a medical standpoint" of the insured's condition at the time the operation was performed, and "an operation was the proper cure for his trouble." Indeed the surgeon who performed the operation testified that "in his opinion an operation was the only thing that would cure Ballam's trouble," and that "he thought it was necessary to operate." There was no evidence tending to negative the existence of the

hernia, the operation therefor, and the death of the insured as a result of the embolism.

The provisions in the so called clause of exception in the policy declared on in the first count of the declaration requiring consideration are those applicable to death "caused wholly or partly" by "bodily . . . infirmity," by "surgical treatment thereof" or by "hernia." Neither the provision applicable to "bodily . . . infirmity" nor that applicable to "hernia" applies to a hernia sustained "solely through violent external and accidental means," and resulting in the death of the insured, that is, a hernia which is wholly within the line of causation between such means and the death, "directly or independently of all other causes." This conclusion is required by the decision in *Freeman* v. *Mercantile Mutual Accident Association,* 156 Mass. 351, where it was held in substance that when the death of an insured "comes through the medium of a disease directly induced by the injury" recovery is not precluded by a provision in the policy that it shall not apply "to any case in which death . . . occurs in consequence of disease." Pages 352, 353. See also *Travelers' Ins. Co.* v. *Murray,* 16 Colo. 296; *Berry* v. *United Commercial Travelers of America,* 172 Iowa, 429; *Schwindermann* v. *Great Eastern Casualty Co.* 38 N. D. 584; *Corsones* v. *Monarch Accident Ins. Co.* 103 Vt. 379; *Fitton* v. *Accidental Death Ins. Co.* 17 C. B. N. S. 122. And the provision applicable to "surgical treatment thereof" is limited to such treatment for conditions themselves within the clause of exception. Furthermore, a surgical operation which is proper treatment for a bodily injury sustained "solely through violent external and accidental means" does not break the causal connection between such means and the death of the insured. *Collins* v. *Casualty Co. of America,* 224 Mass. 327, 330. The case of *Pitman* v. *Commercial Travellers' Eastern Accident Association, Inc.* 284 Mass. 467, is distinguishable since the surgical operation considered in that case was not treatment for a condition caused by accidental means. On the evidence, therefore, it could have been found that the surgical operation for hernia and the resulting embolism were not within the clause

of exception and did not break the causal connection between the hernia and the death of the insured if the hernia itself was not within such clause.

No contention is made — if indeed such a contention could be made under the report — that the slipping and falling of the insured did not constitute "violent external and accidental means." And evidence, which need not be recited in detail, tended to show that the insured had no hernia before the accident, that "the previous strains had cleared up," that the accident was a "competent producing cause of hernia" even if there was no structural defect, and that such accident was the immediate cause of the hernia. It is contended, however, that the insured before the accident had a "bodily . . . infirmity" — an enlarged inguinal ring — and that the hernia and the death of the insured were "caused . . . partly" by such "bodily . . . infirmity." Even if the burden of negativing such a partial cause of hernia was on the plaintiff it could not rightly have been ruled as matter of law that this burden was not sustained. The plaintiff was not bound by the testimony of the medical witnesses. *Morello* v. *Levakis*, 293 Mass. 450, 452. Their testimony could have been believed in part and disbelieved in part. *Fitch* v. *Ingalls*, 271 Mass. 121, 127. According to this testimony the hernia was a "right inguinal hernia, direct" and before the accident the right external inguinal ring was enlarged. There was considerable medical evidence of the nature of hernia and of the nature and effect of an enlarged inguinal ring. There was, for example, medical testimony that such an enlarged ring is a "structural defect," a "predisposition to hernia, but . . . not a hernia." And the surgeon who performed the operation testified "that for all intents and purposes a person with an enlarged ring was a normal individual; that it is a structural defect similar to a person having an appendix, which at some time might crop up and might not," and that "whether Ballam had enlarged ring or not . . . the slipping would be a cause for the injury which he found." The surgeon also, after stating the difference between an indirect and a direct inguinal hernia, testified that "the fact that a person had an enlarged

external ring would have nothing to do with a direct hernia."
There was, however, testimony, even from this surgeon,
apparently in conflict with this testimony, but it might have
been disbelieved. Whether on the evidence in this case it
could have been found that the enlarged external ring was
not a "bodily . . . infirmity" within the meaning of the
clause of exception, or was in its nature a condition and not
a cause of hernia, need not be decided. See, however, *Free-
man* v. *Mercantile Mutual Accident Association*, 156 Mass.
351, 353; *Smith* v. *Travelers Ins. Co.* 219 Mass. 147, 148;
*Collins* v. *Casualty Co. of America*, 224 Mass. 327, 329. For,
particularly on testimony of the surgeon, it could have been
found that the enlarged external ring, even if a "bodily . . .
infirmity," was not wholly or partly a cause of the insured's
hernia and his death within the meaning of the clause of
exception. See *Cheswell* v. *Fraternal Accident Association*,
199 Mass. 267, 270, 273. Compare *Leland* v. *United Com-
mercial Travelers of America*, 233 Mass. 558, 563. And this
clause of exception did not as matter of law on any other
ground relieve the defendant from liability under this policy.

The only provision in the clause of exception in the policy
declared on in the second count of the declaration requiring
consideration is that applicable to "death . . . caused or
contributed to . . . by bodily . . . infirmity." What has
been said of the similar provision with respect to "bodily
. . . infirmity" in the other policy disposes of questions
arising under this provision. It could not rightly have been
ruled as matter of law that this clause of exception relieved
the defendant from liability on this policy.

It follows that, in accordance with the stipulation of the
parties, "judgment is to be entered for the plaintiff in the
amount prayed for in her declaration, with interest and
costs."

*So ordered.*