ARAMINTA M. WILSON, Appellant, v. TRAVELERS INSURANCE COMPANY, Respondent.

Third Department, March 7, 1968.

*Valent, Callanan & Ruger* (*Henry Valent* of counsel), for appellant.

*Personius, Cramer, Mustico & Sullivan* (*Ralph S. Cramer* of counsel), for respondent.

STALEY, JR., J. This is an appeal from a judgment of the Supreme Court in favor of defendant entered April 13, 1967 in Schuyler County upon a dismissal of the complaint by the court at a Trial Term at the close of plaintiff's case.

The plaintiff's husband, Harry H. Wilson, an employee of the Corning Glass Works, Corning, New York, was insured by the defendant under a group accident insurance policy covering employees of Corning Glass Works. This policy provided coverage for loss of life caused through accidental means but excluded any loss " (1) caused or contributed to by bodily or mental infirmity, disease or infection * * * even though the proximate and precipitating cause of the loss is accidental bodily injury;" and " (4) resulting directly or indirectly from medical or surgical treatment for any kind of disease."

On July 13, 1965 Harry H. Wilson died as the result of a cardiac arrest which occurred on July 2, 1965 while an anesthesia was being administered preparatory to an investigative surgical operation. Although the policy was in force, and the plaintiff duly served notice and proof of death upon the defendant, the

defendant refused to pay the death benefit under the policy. In her complaint, the plaintiff alleges that the insured died through accidental means independently and exclusively of disease and all other causes. The answer of the defendant alleges that insured's death did not result directly and independently of all other causes through accidental means, and that his death resulted directly or indirectly from medical or surgical treatment for a disease.

The trial of this action commenced before a jury on March 14, 1967, and a the end of the plaintiff's case, the defendant moved for a nonsuit and dismissal of the plaintiff's complaint on the ground that the plaintiff's proof indicated that the insured's death was caused or contributed to by bodily disease, and was the result of medical and surgical treatment for a disease, which motion was granted by the trial court.

The plaintiff appeals contending that the issue of the existence or nonexistence of a bodily infirmity or disease, and the issue of whether the loss resulted solely from accident, independent of all other causes, are questions of fact for the jury to decide.

The plaintiff's medical expert, Dr. Thomas, gave testimony to the effect that Harry Wilson had hypertension, and that it was determined that he should have a renal arteriogram to determine the exact condition of the arteries to both kidneys. This test was made on June 29, 1965, and the results indicated a possible disease in the artery to the left kidney. It was then determined that a selective aortogram was necessary. He further testified that a renal aortogram was scheduled on July 2, 1965, and, since this involved a surgical procedure, a general anesthetic was administered to Mr. Wilson. During the administration of the anesthesia, Mr. Wilson became cyanotic, his blood pressure began to decrease, and his pulse became indiscernible. Resuscitative procedures consisting of cardiac massage and the process of defibrillation by means of electric shock prevented immediate death, but Mr. Wilson never regained consciousness, and later died on July 13, 1965. An autopsy was performed which indicated that Mr. Wilson had severe and widespread arteriosclerosis, and a tumor at the base of the skull. Dr. Thomas attributed the cause of death to the complications of cardiac arrest which he stated was induced by hypoxia. He explained that the hypoxia was the result of the administration of the anethesia which increased the pressure in the veins causing the brain to swell and push down against the tumor. The area of the brain involved included the area which controls respirations, and the sudden pressure in this area resulted in a sudden depression of respirations and, therefore, an insufficient amount of oxygen to sustain

the action of the heart. The death certificate described the cause of death as cerebral necrosis, cardiac arrest, and coronary artery disease with other significant factors as brain tumor and generalized arteriosclerosis.

Upon these facts there was no proof that the death of the insured was caused by accidental means within the meaning of the policy. The administration of the anesthesia was not an accident as it was intentionally administered. Although the insured's death may be considered as unexpected, its cause was not by accident, but rather by the unfortunate existence of the abnormality of a tumor. It is also clear from these facts that death resulted by reason of a surgical treatment designed and performed for the purpose of treating the disease causing the insured's hypertension.

Since the plaintiff's evidence sustains the conclusion that there is no basis for recovery upon the theory of accident, there was no question or issue to submit to the jury. (*Rosenthal* v. *Mutual Life Ins. Co. of N.Y.*, 8 N Y 2d 1075.)

The judgment should be affirmed, without costs.

HERLIHY, J. P., REYNOLDS, AULISI and GABRIELLI, JJ., concur.

Judgment affirmed, without costs.