■ JOAN T. KELLS, Respondent, v. NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, Appellant, et al., Defendant.— Order entered January 8, 1970, denying pretrial summary judgment to defendant on the second cause of action unanimously reversed, on the law, with $50 costs and disbursements to the appellant, and defendant-appellant's motion for partial summary judgment dismissing the second cause of action granted. The action is on a policy of life insurance. The second cause of action seeks recovery for accidental death. The policy specifically excludes coverage for death resulting from medical or surgical treatment. The facts have been fully developed through pretrial procedures. The deceased underwent an operation at a hospital for the correction of an unstable lumbrosacral mechanism. There was a failure of the blood clotting mechanism resulting in excessive bleeding and, following surgical efforts to alleviate the condition, deceased suffered a cardiac arrest to which he succumbed. Clearly death resulted from causes excluded from coverage. Concur — Eager, J. P., Markewich, McNally and Steuer, JJ.

■ IRVING FARKASH, as Executor of PAULINE GREENWALD, Deceased, Respondent, v. WILLIAMSBRIDGE MANOR NURSING HOME, Respondent. KRAMER & VOLETSKY, Appellants.— Order entered February 10, 1970 unanimously reversed, on the law, without costs and without disbursements, and movants-appellants' motion to withdraw as counsel for defendant-respondent granted without prejudice to any rights which defendant may have in the premises. Movants-appellants had been retained in this action by defendant-respondent's insurer by assignment. The insurer was placed in liquidation by competent authority of another State and movants were discharged as counsel by that same authority. In these circumstances, counsel could not be compelled to continue. (See *Brennan* v. *Claremont Riding Academy,* 34 A D 2d 737.) Concur — Eager, J. P., Capozzoli, Markewich and Nunez, JJ.