Mary H. WHETSELL, individually and as Executrix of the Estate of Kenneth A. Whetsell, Deceased, Appellant,

v.

The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellee.

No. 81–1514.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1981.

Decided Feb. 5, 1982.

Karen J. Williams, Orangeburg, S.C. (Charles H. Williams, Williams & Williams, Orangeburg, S.C., on brief), for appellant.

James M. Brailsford, III, Columbia, S.C. (Robinson, McFadden, Moore, Pope & Stubbs, Columbia, S.C., on brief), for appellee.

Before HALL, SPROUSE and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge.

Mary H. Whetsell, plaintiff below, appeals the district court's ruling that she is not entitled to accidental death benefits from the appellee, Mutual Life Insurance Company of New York. We affirm.

Appellant's husband was admitted to the Veteran's Administration Hospital in Charleston, South Carolina for cataract surgery on January 28, 1976. On February 2, 1976, while in the hospital recovering from the operation, a saline solution was intravenously administered to Mr. Whetsell. An infected I.V. needle was used, causing Whetsell to contract bacterial endocarditis from which he died on March 13, 1976.

Whetsell was covered by four life insurance policies issued by Mutual. Each policy provided for double recovery in the event of accidental death. The relevant portions of the policy are as follows:

"Accidental death" means death occurring (a) directly and independently of all other causes, as a result of accidental bodily injuries, (b) within 90 days after the date of the accident causing such injuries, and (c) from a cause not mentioned under "Risks Not Assumed."

*Risks Not Assumed*—Under this rider the Company *does not assume the risk of death caused or contributed to, directly or indirectly,* by disease, by bodily or mental infirmity, *or by treatment or operation for disease or bodily or mental infirmity* . . . . [Emphasis added].

Mutual has paid the face amount of all four policies but opposes appellant's claim for accidental death benefits. It is argued that Whetsell's death was caused or contributed to by medical treatment and is, therefore, excluded from accidental death coverage. The issue presented by this appeal is whether the above provision excludes from coverage death caused by medical mistreatment. We find that it does.

There is no South Carolina case interpreting an exclusionary provision similar to the one presented in this case. We must, therefore, construe the provision in light of the expressed policy of the South Carolina Supreme Court of strictly construing ambiguities in insurance contracts against insurers. *Hann v. Carolina Casualty Co.*, 252 S.C. 518, 167 S.E.2d 420 (1969). "[T]his does not mean that plain language is not to be given its plain meaning or that Courts may rewrite such contracts so as to nullify exclusions clearly expressed." *Heaton v. State Farm Mutual Ins. Co.*, 278 F.Supp. 725 (D.C. S.C.) *sum. aff'd*, (4th Cir.) 398 F.2d 824 (1968).

It appears that every court that has considered similar exclusionary clauses has held such provisions to exclude from coverage death caused by various mishaps occurring during the course of medical treatment.[1] Appellant points to no case that has held

---

1. *Pitman v. Commercial Travelers*, 284 Mass. 467, 188 N.E. 241 (1933); *Century Indemnity Co. v. Carroll*, 126 Tex. 214, 86 S.W.2d 1083 (1935); *Wilson v. Businessmen's Assurance Co.*, 181 F.2d 88 (9th Cir. 1950); *United Commercial Travelers v. Shane*, 64 F.2d 55 (8th Cir. 1933); *Wilson v. Travelers Ins. Co.*, 29 A.D.2d 312, 287 N.Y.S.2d 781 (1968); *McKay v. Bankers Life*, 187 N.W.2d 736 (Iowa 1971); *Provident Life and Accident Ins. Co. v. Hutson*, 305 S.W.2d 837 (Tex.Civ.App.1957); *New Amsterdam Casualty Co. v. Perryman*, 162 Miss. 864, 140 So. 342 (1932); *Barkerding v. Aetna Life Ins. Co.*, 82 F.2d 358 (5th Cir. 1936); *Dinkowitz v. Prudential Ins. Co. of America*, 90 N.J.Super. 181, 216 A.2d 613 (1966); *Bracey v. Metropolitan Life Ins. Co.*, 54 Misc.2d 175, 282 N.Y.S.2d 121 (1967); *Kells v. New England Mutual Life*, 34 A.D.2d 908, 311 N.Y.S.2d 391 (1970).

medical mistreatment to be covered under such exclusions.

The case most similar to the facts of the present case is *Reid v. Aetna Life Ins. Co.,* 440 F.Supp. 1182 (S.D.Ill.1977) *sum. aff'd,* 588 F.2d 835 (7th Cir. 1978). In *Reid,* the decedent, while recuperating from surgery, received antibiotics intravenously, carried by a saline solution. After two injections of the proper fluid, a poison was inadvertently substituted for the saline solution, causing decedent's death. Suit was brought by the beneficiary of a life insurance policy which excluded accidental death benefit coverage for death "caused or contributed to by, or as a consequence of . . . medical or surgical treatment." The court held that the death fell within the exclusionary provision of the policy stating:

> There can really be no doubt that the death here involved was a direct consequence of medical treatment, i.e., the administration of keflin to control possible post-surgical infection, as prescribed by the physician. The accidental use of a killer drug as a carrier of the intended drug, in place of normal saline solution as such carrier, whether such use was negligence amounting to medical malpractice, or an unavoidable act of God, or something in between, though obviously not prescribed, would not have occurred but for the treatment, and thus was a consequence thereof. Even though it be considered that the accidental death was not caused or contributed to by the intended medical treatment, it was caused by the "accident" which occurred in the course of administering medical treatment.

To come to a conclusion different from that of the *Reid* court would render the exclusionary provision meaningless. Death is never caused by medical treatment absent some misdiagnosis or mistake. Though death may result where proper medical treatment is unsuccessful, death in those cases is caused by the preexisting infirmity, not medical treatment. Since all deaths caused by medical treatment necessarily involve mistreatment, to say that mistreatment is not covered by the exclusion is to say that the provision excludes nothing.

Death must be caused by an accident before the accidental death benefits of the policy come into play. An accident is an unintended occurrence. If such happens during medical treatment, it is still an accident, but it is not a risk assumed by the insurance company under the terms of the policy. The use of an infected I.V. needle was not intended, therefore, it was an accident. However, this occurred as a part of medical treatment, so it is excluded by the clear language of the policy.

The abundance of authority supporting the district court's construction of the exclusion, and the illogic of the contrary construction convince us that the clause is susceptible to but one interpretation. We assume that the South Carolina Supreme Court would follow existing decisions on construction of this type of exclusion and find no ambiguity to resolve. We, therefore, affirm the district court's ruling that the decedent's death was caused by medical treatment and excluded from accidental death benefit coverage.

AFFIRMED.