43 F.3d 1466
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John A. GRIFFITHS, Plaintiff-Appellant,
v.
SIEMENS AUTOMOTIVE, L.P., Defendant-Appellee,
and Brenda LIVELY, Defendant.
John A. GRIFFITHS, Plaintiff-Appellant,
v.
James P. McELLIGOTT, Defendant-Appellee.
John A. GRIFFITHS, Plaintiff-Appellant,
v.
Brenda LIVELY; SIEMENS AUTOMOTIVE, L.P., Defendants-Appellees.
 Nos. 92-2118, 93-1071, 93-1350.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 23, 1993.
Decided Nov. 16, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, District Judge. (CA-92-28-4, CA-92-160, CA-93-30-4)
 John A. Griffiths, appellant pro se.
 James Patrick McElligott, Jr., McGuire, Woods, Battle & Boothe, Richmond, VA, for appellee.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED IN NO. 92-2118, AFFIRMED IN NOS. 93-1071 and 93-1350.
 Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In No. 92-2118, Griffiths v. Siemens Automotive, John A. Griffiths appeals from the district court's grant of summary judgment in favor of the Defendant Siemens Automotive, L.P. (Siemens), in Griffiths' suit pursuant to the Employee Retirement Income and Security Act, 29 U.S.C.A. Secs. 1001-1461 (West 1985 & Supp.1992) (ERISA). The district court also dismissed Defendant Brenda Lively, finding that she was not a fiduciary with respect to the employer plans at issue. Griffiths did not contest Lively's non-fiduciary status prior to judgment, and does not raise the issue of her dismissal from the suit on appeal.[1] Because the district court did not err with respect to dismissing Lively or with respect to granting summary judgment on the long-term disability plan, we affirm those portions of the judgment. However, because the district court erred with respect to its judgment on Griffiths' claim that Siemens violated ERISA with respect to its optional accident plan, we vacate that portion of the judgment and remand for further proceedings.
 
 
 2
 In No. 93-1071, Griffiths v. McElligott, Griffiths appeals from the district court's order dismissing his action as frivolous. Griffiths filed a complaint subsequent to the disposition of his ERISA action and alleged before the district court that Lively's attorney, James P. McElligott, had suborned perjury in his attempt to have Lively dismissed from the ERISA action. The district court dismissed Griffiths' second action as frivolous. Because there is no civil cause of action for the subornation of perjury, we affirm that dismissal.
 
 
 3
 In No. 93-1350, Griffiths v. Lively, Griffiths appeals from the district court's order dismissing his action as frivolous. Griffiths filed a complaint subsequent to the disposition of his other two actions and alleged that Lively and Siemens had perjured themselves or suborned perjury. The district court dismissed Griffiths' third action as frivolous. Because there is no civil cause of action for the claims made, we affirm that dismissal.
 
 I.
 
 4
 The material facts in No. 92-2118 are not in dispute with respect to the long-term disability plan. Griffiths was suspended from employment on June 5, 1990. He was terminated on June 11, and received notice of his termination on June 13. Griffiths alleged that the medical treatment leading to his current disability began on June 15, while Siemens asserts that, if his medical treatment led to the disability, the disability began on June 19. Even crediting Griffiths' assertion with respect to the dates, he was not entitled to receive benefits under the long-term disability plan.
 
 
 5
 The plan expressly denied benefit eligibility to those employees who were not in "active service" as of the date of their disability.[2] Because he had been suspended on June 5 and terminated as of June 13, Griffiths was not in active service even on June 15, the day he alleged his disability arose. Further, the plan expressly stated that long-term disability benefits terminated at the time employment terminated. The district court did not err in granting summary judgment as to the long-term disability plan claim.
 
 
 6
 The district court did, however, err with respect to the accident plan claim. Griffiths was still covered by the accident plan at the time his disability arose. The district court found that Griffiths could not claim benefits from this plan because his alleged "accident" leading to disability consisted of mistreatment in the course of the illness for which he originally went to the hospital on June 15 or 19. The district court, citing Senkier v. Hartford Life & Accident Ins. Co., 948 F.2d 1050 (7th Cir.1991), reasoned that medical or surgical mistreatment could not be defined as an accident.
 
 
 7
 However, this Court has expressly held to the contrary in Whetsell v. Mutual Life Ins. Co., 669 F.2d 955 (4th Cir.1982), where we said that "[a]n accident is an unintended occurrence. If such happens during medical treatment, it is still an accident." Id. at 957. The plaintiff in Whetsell was unable to recover benefits because his accident policy expressly excluded medical accidents. Such may be Griffiths' case; however, the record is insufficient to find so, and we express no opinion as to the ultimate success of the claim. We simply hold that the district court improperly based summary judgment on a definition contrary to controlling law in this circuit. For this reason, we must vacate that portion of the district court's order. The case is remanded for proceedings consistent with this opinion.
 
 II.
 
 8
 Griffiths' second suit, No. 93-1071, alleged the subornation of perjury, a criminal offense under 18 U.S.C. Secs. 1622, 1623 (1988). Griffiths' third suit, No. 93-1350, alleged the same facts but named different defendants. Griffiths failed to allege, and this Court is unable to find, any basis in law for a civil cause of action for perjury or the subornation of perjury. Therefore, we hold that the district court was correct in dismissing these actions as frivolous. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 No. 92-2118-AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 No. 93-1071-AFFIRMED
 No. 93-1350-AFFIRMED
 
 
 [1]
 Although Griffiths did not raise the issue, due to his pro se status, we have independently reviewed the dismissal of Lively. The district court did not err in finding Lively non-amenable to suit under ERISA, as a result of her non-fiduciary position. See 29 U.S.C.A. Sec. 1132(d)(2); 1104; 20 C.F.R. Sec. 2509.75-8 Q & A D-2 (1992)
 
 
 [2]
 Active service is defined in the plan as performing the regular duties of one's work on a full time basis on an employer's scheduled workday or, if not a scheduled workday, having been in active service on the preceding scheduled workday