REVISED - March 28, 2001

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 99-41504
Civil Docket #5:98-CV-21**

_____

**TIBBY THOMAS,**

**Plaintiff-Appellant,**

**versus**

**AIG LIFE INSURANCE COMPANY,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

March 7, 2001

Before JOLLY, JONES, and SMITH, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The question in this case is whether a death resulting from complications following stomach stapling surgery was "caused by an accident" under an ERISA-governed insurance policy. We affirm the district court's conclusion that this death was not accidental.

Appellant Tibby Thomas's husband owned, through his employer, two accidental death insurance policies with AIG Life

Insurance Company ("AIG"). Under the policies, Mrs. Thomas was entitled to benefits if Mr. Thomas suffered a "loss resulting from injury." The policies defined injury as "bodily injury caused by an accident . . . resulting directly and independently of all other causes . . ." Excluded from the policies were "diseases of any kind" and "bacterial infections except pyogenic infections which shall occur through an accidental cut or wound."

Mr. Thomas suffered from morbid obesity. He had two stomach stapling surgeries to treat this disease. Following the second surgery, Mr. Thomas's sutures broke and he died from sepsis. Mrs. Thomas filed for benefits under the policies. AIG's ERISA Appeals Committee ultimately rejected her claim, and Mrs. Thomas filed suit. The district court held that because Mr. Thomas's death was not accidental under the policies, Mrs. Thomas was not entitled to benefits. Mrs. Thomas appeals.

The parties dispute the standard of review for AIG's decision that Mr. Thomas's death was not accidental. They concur that AIG had no discretion as a plan administrator to interpret the policies. They part company over whether the determination of accidental death is factual, and reviewed under an abuse of discretion, or legal, and governed by a *de novo* standard. *See, generally,* Pierre v. Connecticut Life Ins. Co., 932 F.2d 1552, (5th Cir. 1991). Because Pierre specifically applied the abuse of

2

discretion standard to an accidental death finding, we do so as well.

Mrs. Thomas asserts that she is entitled to benefits because Mr. Thomas's death was caused by an accident that took place during his operation. The Seventh Circuit rejected this type of argument in a similar case. Senkier v. Hartford Life & Accident Ins. Co., 948 F.2d 1050 (7th Cir.1991). In Senkier, a patient receiving treatment for an intestinal disease died when a migrating intravenous catheter punctured her heart. Her estate argued that the death was an accident under her insurance policy. The court held that the patient's death resulted from her underlying illness. It refused to characterize the death as an accident under the policy because it occurred "from the standard complications of standard medical treatment" for a disease. *Id.* at 1053.

The Fourth Circuit has stated that a patient's death was "accidental" under an accidental death policy where he received an infected I.V. needle during cataract surgery. Whetsell v. Mutual Life Ins. Co. of New York, 669 F.2d 955 (4th Cir.1982). But the precise issue in that case was whether a medical treatment exclusion clause applied. *Id.* at 956. The court held that the exclusion barred the insurance claim. It observed that the clause would be meaningless if the death were not an accident under the policy, since "[d]eath is never caused by medical treatment absent some misdiagnosis or mistake." When the death results, as in the

3

instant case, because proper medical treatment is unsuccessful, the death is caused by the preexisting infirmity. *See* <u>Senkier</u>, 948 F.2d 1053. Not only does <u>Whetsell</u> rest on South Carolina law, it is not inconsistent with our result. *Id.* at 957.

Adopting the Seventh Circuit's analysis, we find no principled basis on which to disassociate Mr. Thomas's iatrogenic injury from the disease complications of his obesity. As in <u>Senkier</u>, his death was the foreseeable result of treatment for his disease. The decision in <u>Todd v. AIG Life Ins. Co</u>. is distinguishable. 47 F.3d 1338 (5th Cir.1995)(holding that an unintended death resulting from auto-erotic asphyxiation was an accident). The death in that case was not a foreseeable complication of medical treatment for a disease.

In conclusion, the plan administrator did not abuse its discretion in finding that Thomas's injury was attributable to a disease rather than an accident under the accidental death policies. The judgment of the district court is **AFFIRMED**.

4