■ Stanimir Bozic, Appellant, v JC Penny Life Insurance Company, Respondent. [744 NYS2d 189] —In an action to recover the proceeds of a life insurance policy, the plaintiff appeals from an order of the Supreme Court, Westchester County

(LaCava, J.), entered September 4, 2001, which, inter alia, granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Constance Bozic, the 51-year-old deceased, fell on the stairs in her residence on October 14, 1998, and fractured her left hip. Less than 48 hours later, she died. The plaintiff, Bozic's widower and the beneficiary under an insurance policy issued by the defendant, filed a claim to recover accidental death benefits pursuant to the policy. The defendant refused to make this payment, asserting that the death of the insured fell within an exclusion to the policy, i.e., that it resulted from "disease, bodily or mental infirmity or medical or surgical treatment of these."

The plaintiff moved for summary judgment and the defendant cross moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's cross motion and dismissed the complaint. We affirm.

The uncontroverted medical evidence in the record demonstrated that the decedent's underlying cirrhosis of the liver at the time of the accident was a disease which contributed to her death. Under such circumstances, the insurer is relieved of liability (*see McMartin v Fidelity & Cas. Co. of N.Y.,* 264 NY 220; *cf. Silverstein v Metropolitan Life Ins. Co.,* 254 NY 81; *Beece v Guardian Life Ins. Co. of Am.,* 128 AD2d 493).

The plaintiff's remaining contention is without merit. Feuerstein, J.P., Schmidt, Adams and Crane, JJ., concur.