■ LEONA H. PAWLIK, Appellant, v STONEBRIDGE LIFE, as Successor in Interest to JC PENNY LIFE INSURANCE COMPANY, Respondent. [802 NYS2d 575]—

Appeal from an order of the Supreme Court, Erie County

(Patrick H. NeMoyer, J.), entered May 17, 2004 in a breach of contract action. The order granted defendant's motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking accidental death benefits based on the death of her husband (decedent). Pursuant to the insurance policy at issue, the term injury is defined in relevant part as "bodily injury caused by an accident occurring while the insurance is in force resulting . . . directly and independently of all other causes." The policy further provides that "[n]o benefit shall be paid for [l]oss or [i]njury that . . . is due to disease, bodily or mental infirmity, or medical or surgical treatment of these." It is undisputed that decedent was hospitalized in an intensive care unit for various ailments and that, when his tracheostomy tube became unattached, a physician was unable to reinsert it. According to the death certificate, decedent's death was caused by "[t]hrombosis of the coronary artery and partial asphyxia due to [inability] to replace the endotracheal tube."

Supreme Court properly granted defendant's motion for summary judgment dismissing the amended complaint. Defendant established as a matter of law that decedent's death falls within the policy exclusion for loss or injury that "is due to disease, bodily or mental infirmity, or medical or surgical treatment of these" (see Bozic v JC Penny Life Ins. Co., 295 AD2d 460, 461 [2002]; Kells v New England Mut. Life Ins. Co., 34 AD2d 908 [1970]; Wilson v Travelers Ins. Co., 29 AD2d 312, 314-315 [1968]). Plaintiff contends that the treatment of decedent constituted malpractice and thus was not medical treatment within the meaning of the policy exclusion. We reject that contention. The policy exclusion does not distinguish between proper medical treatment and alleged medical malpractice. "Since all deaths caused by medical treatment necessarily involve mistreatment, to say that mistreatment is not covered by the exclusion is to say that the provision excludes nothing" (Whetsell v Mutual Life Ins. Co. of N. Y., 669 F2d 955, 957 [1982]; see Bracey v Metropolitan Life Ins. Co., 54 Misc 2d 175, 179-180 [1967]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.