**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-20515

GUARDIAN NORA DUTKA, AS GUARDIAN FOR THE ESTATE OF T.M., A MINOR and THE ESTATE OF J.M., A MINOR

Plaintiff - Appellant

v.

AIG LIFE INSURANCE COMPANY

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PATRICK E. HIGGINBOTHAM:

The beneficiaries of decedent Istvan Macsai appeal a summary judgment in favor of insurer AIG in their action to recover accidental death insurance under ERISA. We affirm the denial of benefits.

I

On September 15, 2005, Macsai was piloting a private plane with two passengers on a reconnaissance flight of deer hunting sites near Cleveland, Texas. The nature of the mission required flight at low altitude. Macsai failed to maintain adequate air speed resulting in a stall/spin from which, at low

altitude, there was not time to recover.  The crash killed both Macsai and the two passengers.

Mr. Macsai's beneficiaries claimed benefits under an accidental death benefit plan Macsai had enrolled in through his employer, Continental Airlines. The insurer, AIG, originally denied the claim and Plaintiffs sought administrative review.  The ERISA Appeals Committee of AIG reviewed and upheld the denial, finding that the accident fell under the Plan's exclusion for losses "caused in whole or in part by, or resulting in whole or in part from . . . the Insured Person being under the influence of drugs or intoxicants."

Plaintiffs then sought district court review of the denial under ERISA, 29 U.S.C. 1132(a)(1)(B).  On cross motions for summary judgment, the district court ruled that AIG did not abuse its discretion in determining that the Plan's intoxication exclusion applied.  It based its ruling on the "uncontroverted evidence" in an NTSB accident report, FAA toxicology report, and the opinion of an expert engaged by AIG.  Plaintiffs now appeal, challenging the district court's standard of review and its factual findings.

## II

The parties dispute both the standard of review that was applied by the district court in reviewing AIG's decision and that which should be applied by this Court in reviewing the ruling of the district court.  The law, however, is straightforward on this score. The Supreme Court in *Firestone Tire and Rubber Co. v. Bruch* held that a district court reviewing a denial of benefits under ERISA is to apply a *de novo* review unless the plan gives the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[1]  While the parties here contest the existence of a discretion clause in the plan, this Circuit reads *Bruch* as speaking only to questions of law;

---

[1] 489 U.S. 101, 115 (1989).

thus, with or without a discretion clause, a district court rejects an administrator's factual determinations in the course of a benefits review only upon the showing of an abuse of discretion.[2]

The district court in this case reviewed a factual determination. AIG denied the claim because it determined that the decedent's intoxication was a cause of the crash. In the ERISA context, we have considered the question of the cause of death to be a factual determination.[3] Accordingly, the district court did not err in employing an abuse of discretion standard to review AIG's similar determination that the crash was caused in part by the decedent's intoxication.[4]

On appeal, this Court reviews the district court's grant of summary judgment *de novo*.[5] Thus, we consider the district court's decision using its same perspective—reviewing the administrator's legal interpretations *de novo*, and giving discretion to its factual determinations.

## III

In applying the abuse of discretion standard to an administrator's factual determinations we analyze whether the administrator acted arbitrarily or

---

[2] *Pierre v. Conn. Gen. Life Ins. Co.*, 932 F.2d 1552, 1562 (5th Cir. 1991) ("[W]e hold that for factual determinations under ERISA plans, the abuse of discretion standard of review is the appropriate standard; that is, federal courts owe due deference to an administrator's factual conclusions that reflect a reasonable and impartial judgment.").

[3] *See Thomas v. AIG Life Ins. Co.*, 244 F.3d 368, 369 (5th Cir. 2001) ("Because *Pierre* specifically applied the abuse of discretion standard to an accidental death finding, we do so as well.").

[4] Because the plan administrator made a factual determination in this case, which under this Circuit's settled caselaw we review for an abuse of discretion, it is of no moment that a clause giving AIG discretion is found only in the Summary Plan Description and not in the actual policy. Appellants' argument that the Summary Plan Description was written by Continental and not AIG is inapposite.

[5] *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 205 (5th Cir. 1998).

capriciously.[6] If the determination is supported by substantial evidence, it is not arbitrary and capricious.[7] "Substantial evidence is 'more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[8]

Under this standard, the plan administrator did not abuse its discretion in finding that the crash was caused by the pilot's intoxication. This is not to say there were not weaknesses in the evidence, as pointed out by Appellants. The FAA forensic toxicology report showed the chemicals in the decedent's blood *at the time they were tested*, over fifty days after the accident. The evidence presented by Appellee's expert Dr. Lage was not unequivocal as to the content of drugs present in the decedent's blood *at the time of the accident*, particularly as to cocaine. He opined that the decedent "had recently illegally used cocaine, had used alcohol, and had taken the prescription drug Propoxyphene within a few hours of his death." However, he also reasoned that based on the levels of Benzoylecgonine present in decedent's urine at the time of the toxicology report, he "[could] not rule that cocaine may have been present in his blood at the time of his death." It betrays logic to jump from inability to rule out cocaine use to opining to "a reasonable degree of medical certainty" that the decedent "used cocaine . . . within a few hours of his death."

---

[6] *Meditrust Fin. Servs. Co. v. Sterling Chems., Inc.*, 168 F.3d 211, 214 (5th Cir. 1999). When a plan administrator both evaluates and pays claims, it operates under a conflict of interest that we weigh as a factor in determining whether there is an abuse of discretion. *Metro. Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008). Appellants adduced no evidence in this case that AIG's conflict affected the benefits decision and in light of the evidence supporting the plan administrator's decision, the conflict of interest is not a "tiebreaking" factor. *Id.* at 2351.

[7] *Id.* at 215.

[8] *Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 273 (5th Cir. 2004) (quoting *Deters v. Sec'y of Health, Educ. & Welfare*, 789 F.2d 1181, 1185 (5th Cir. 1986)).

Despite this gap in Dr. Lage's reports, the FAA toxicology report did disclose the presence of chemicals in the decedent's body consistent with the use of multiple drugs around the time of the accident. Dr. Lage's reports, at the least, explained the relationship of the chemicals in the decedent's blood and urine to his use of particular drugs. His reports also conclusively show that the decedent had a therapeutic dose of the narcotic Propoxyphene in his body at the time of his death. And, while Dr. Lage's opinion as to alcohol and cocaine may not rise to the level of making it more likely than not that the decedent was under the influence of these drugs during his last flight, the evidence is consistent with that conclusion. With evidence that the decedent was under the influence of Propoxyphene at the time of the crash and that he had recently used alcohol and cocaine, we cannot find arbitrary and capricious the administrator's conclusion that the decedent was intoxicated at the time of the crash.

Appellant's also challenge that the decedent's intoxication was a cause of the crash. They specifically point to the district court's statement that "[t]here is no proof that the drugs in Decedent's system were a cause of the fatal crash, but the administrator's conclusion that they were is not unreasonable in light of the uncontroverted evidence." We agree with the district court that there was no *direct* proof that the drugs caused the crash, however, in such a case there rarely is—the evidence is circumstantial. The nature of the accident itself supports the conclusion that drugs contributed. In good visual meteorological conditions and with no evidence of mechanical failure, as the NTSB report found in this case, the failure to maintain airspeed at low altitude is a fundamental piloting error making it reasonable to conclude that the accident resulted in part from the pilot being under the influence of drugs.

The plan administrator's decision that the crash was caused in part by the influence of drugs was not arbitrary and capricious. The judgment of the district court is AFFIRMED.