# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2011

No. 10-30670

Lyle W. Cayce
Clerk

CONNIE REDEAUX,

Plaintiff-Appellee

v.

SOUTHERN NATIONAL LIFE INSURANCE COMPANY,
INCORPORATED,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CV-01345

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Southern National Life Insurance Company, Inc. ("Southern") appeals the district court's grant of summary judgment in favor of Connie Redeaux. We REVERSE and RENDER judgment in favor of Southern.

## FACTS AND PROCEEDINGS

This appeal arises out of the 2002 death of Bryan Redeaux ("the insured"). At the time of his death, the insured was covered under a life insurance policy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30670

issued by Southern and subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"). His mother, Connie Redeaux, was listed as the beneficiary of this policy. The insured was killed in a single-vehicle crash in Lafayette Parish, Louisiana. The death certificate shows that the insured's blood alcohol concentration ("BAC") was 0.21 percent at the time of his death. RE at 17.

After her son's death, Redeaux filed a claim with Southern for benefits. Southern paid Redeaux $10,000 in life insurance benefits but denied her claim for accidental death benefits based on, *inter alia*, a policy exclusion "for a loss which in any way results from . . . injury or death occurring as a result of the commission of a crime or the attempt to commit a crime." R. 215.

Redeaux filed a lawsuit in state court seeking accidental death benefits, and Southern removed the case to federal court on the basis of federal question jurisdiction as the claim was preempted by ERISA. R. 9. The parties filed cross motions for summary judgment, and the district court granted summary judgment in favor of Connie Redeaux. Southern filed a timely appeal.

**STANDARD OF REVIEW**

We review "a grant of summary judgment *de novo*, applying the same legal standard as the district court." *Miller v. Gorski Wladyslaw Estate*, 547 F.3d 273, 277 (5th Cir. 2008). "We will not, however, set aside the district court's factual findings underlying its review of the plan administrator's determination unless those findings are clearly erroneous." *Threadgill v. Prudential Sec. Grp., Inc.*, 145 F.3d 286, 292 (5th Cir. 1998). Summary judgment should be rendered if the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[A]ll facts and evidence must be taken in the light most favorable to the non-movant." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). "A genuine issue of material fact exists if a reasonable jury could enter

2

a verdict for the non-moving party." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

We review Southern's denial of benefits under a *de novo* standard because the Southern policy does not give the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). We therefore review the claim as we would "any other contract claim—by looking to the terms of the plan and other manifestations of the parties' intent." *Id.* at 112-13. We review an administrator's factual findings for an abuse of discretion. *Estate of Bratton v. Nat'l Union Fire Ins. Co. of Pittsburgh,* 215 F.3d 516, 521 (5th Cir. 2000). In the ERISA context, the question of the insured's cause of death is a factual determination. *Dutka ex rel. Estate of T.M. v. AIG Life Ins. Co.*, 573 F.3d 210, 213 (5th Cir. 2009).

## DISCUSSION

The only issue on appeal is whether Southern erred when it denied Redeaux's claim because the policy excludes benefits where the loss "occurr[ed] as a result of the commission of a crime or the attempt to commit a crime." We review *de novo* Southern's determination that the insured was committing a crime at the time of his death. Driving a vehicle while intoxicated is a crime under Louisiana law. LA. REV. STAT. 14:98(A) (2001). The statute at the time of the insured's death provided:

> (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle . . . when:
> (a) The operator is under the influence of alcoholic beverages; or
> (b) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood.

*Id.*

No. 10-30670

It is undisputed that the insured was operating a motor vehicle at the time of his death and that his BAC was .21 percent, more than twice the legal limit under Louisiana law. The record does not contain any evidence suggesting that the result of the blood test was erroneous. Redeaux argues that the exclusion does not apply because no criminal charges were filed by any law enforcement agency. This court rejected a similar argument in *James v. La. Laborers Health and Welfare Fund*, holding that "[t]he failure of the state criminal justice system to prosecute an individual . . . by no means constitutes an affirmative finding that the individual is absolved of any crime." 29 F.3d 1029, 1034 (5th Cir. 1994); *Read v. Sun Life Assur. Co. of Canada*, 268 F. App'x 369, 372 (5th Cir. 2008) (unpublished). Because it is undisputed that the insured was driving and that his BAC was over the legal limit, we hold that the insured committed the crime of operating a vehicle while intoxicated under Louisiana law.

The district court found that there was no evidence that a qualified person drew and tested the insured's blood sample, a determination that Redeaux urges this court to adopt. R. 329–330. But the district court's finding is clearly erroneous because the record shows that the insured's blood sample was drawn and tested by the coroner's office. RE at 8, 17. Under Louisiana law, "the coroner or his designee, shall perform or cause to be performed a toxology screen on the victim . . . of all traffic fatalities for determining evidence of any alcoholic content of the blood. . . . The coroner's report . . . may be admissible in any court of competent jurisdiction as evidence of the alcoholic content of the blood . . . at the time of the fatality." LA. REV. STAT. 32:661(A)(2)(b).

Redeaux argues that the insured's BAC alone is not sufficient to prove that he was "intoxicated." However, an individual who (1) operates a motor vehicle when (2) his BAC is over 0.10 percent is guilty of violating LA. REV. STAT. 14:98. The statute does not require proof that an individual was "intoxicated," and the cases that Redeaux cites in support of her contention are inapposite.

4

No. 10-30670

We review for abuse of discretion Southern's factual determination that the insured died as a result of the commission of a crime. As stated earlier, there is ample evidence that the insured was driving under the influence of alcohol when he died in a single-car crash. The police report did not note any weather, vehicle, or road conditions that may have contributed to the crash. Redeaux fails to identify any evidence suggesting that a factor other than the insured's intoxication caused the crash. Based on the record, we conclude that Southern did not abuse its discretion when it determined that the insured's death "occurr[ed] as a result of the commission of a crime." The denial of coverage was "based on evidence . . . that clearly supports the basis for its denial." *Holland v. Int'l Paper Co. Retirement Plan*, 576 F.3d 240, 246 (5th Cir. 2009) (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, we REVERSE and RENDER judgment in favor of Southern.