37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Pamela SWISHER-SHERMAN, Plaintiff-Appellant,
v.
PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, Defendant-Appellee.
 No. 93-3959.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1994.
 
 Before: SUHRHEINRICH, SILER and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Pamela Swisher-Sherman appeals the district court's order granting summary judgment to defendant Provident Life & Accident Insurance Company, in this ERISA[1] action seeking benefits under an accidental death and dismemberment policy underwritten for defendant. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 The material facts are undisputed.[2] Plaintiff's spouse, Terry Swisher, was insured by defendant pursuant to an employee benefits policy purchased by the United Food and Commercial Worker's Union, of which Terry Swisher was a member. Terry Swisher's doctor prescribed the heart medication Lanoxin, which Terry had filled at an independent pharmacy. The pharmacist mistakenly dispensed the prescription drug Tenormin instead, and Terry died as a result of ingesting the wrong medication.
 
 
 3
 After successfully pursuing a wrongful death action against the pharmacist and pharmacy, plaintiff filed a claim with the union insurance plan administrator for accidental death benefits, who submitted the claim to defendant. Defendant denied the claim pursuant to an exclusionary clause in the insurance policy which provides in pertinent part that:
 
 
 4
 Unless exceptions are made below, no benefits shall be paid if [the insured's] loss directly or indirectly results from: ...
 
 
 5
 Bodily or mental infirmity, disease of any kind, or medical or surgical treatment for any such infirmity or disease.
 
 
 6
 Plaintiff brought suit in state court, and defendant timely removed on the basis of federal question jurisdiction under ERISA. The district court concluded that plaintiff's state law claims for "bad faith breach of contract" and tort, and claims for punitive damages, were preempted by ERISA. The district court also rejected plaintiff's ERISA claim, concluding that the exclusionary clause "clearly and unambiguously" precluded her claim for benefits because Terry's Swisher's death was an "indirect result of medical treatment." This timely appeal followed.
 
 II.
 
 7
 Plaintiff's only challenge on appeal is to the ERISA count. Plaintiff contends that the exclusionary clause is ambiguous because it provides no guidance regarding proximate causation, that is, what is meant by "indirect result." And, because it is ambiguous, the contract should be construed in her favor under the contra proferentum rule of insurance contract interpretation. To make her point, plaintiff contends that the pharmacist's independent and superseding negligent act "can be characterized as being caused by the decedent's medical treatment only if one subscribes to the theory that 'but for' the decedent's medical treatment, the pharmacist would not have had the opportunity to misfill the decedent's prescription." (Appellant's Br. at 15-16.)
 
 
 8
 This attempt to cast the pharmacist's negligent act as merely fortuitously connected to Terry's medical treatment overlooks the fact that he received the prescription as part of his medical treatment. Granted, the pharmacist was not under the direct control of Terry's physician; but that does not mean that he functioned outside the course of plaintiff's medical treatment.[3]
 
 
 9
 We recognize that an accident could be truly coincidental to medical treatment though proximate in time. To borrow an illustration, the ceiling might cave in while one is undergoing surgery. See Senkier v. Hartford Life & Accident Ins. Co., 948 F.2d 1050, 1054 (7th Cir.1991). Such an incident would certainly not fall within the exclusion, and therefore would be covered by the policy, because "the average person would say that the decedent had died in an accident in the hospital. The cause of death would be only adventitiously connected to the medical treatment; it is the sort of accident that might equally occur in one's home. Proof of causation would be straightforward; proof of negligence unnecessary." Id. But that is simply not the situation here. As succinctly put by defendant, the pharmacist's role here was to implement the medical treatment Terry received in the form of a prescription.
 
 
 10
 Every act of medical malpractice is to some extent an accident, if one equates "accident" with "unintended," because it is outside the course of the intended medical treatment. But the exclusion here focuses exclusively on the relationship aspect of the injury rather than its volitional component. To state the obvious, such medical mishaps can only occur during the course of treatment; and that's all the exclusionary provision here cares about. This has been the basic interpretation of analogous exclusion clauses in non-ERISA contexts by other courts, all of which have held that negligence which occurs during the course of medical treatment falls within the scope of such provisions. See, e.g., Whetsell v. Mutual Life Ins. Co., 669 F.2d 955, 957 (4th Cir.1982) (claimant not entitled to additional benefits for death resulting from an infected I.V. needle; although use of infected needle was an accident, it occurred as part of medical treatment); Krane v. Aetna Life Ins. Co., 698 F.Supp. 220, 223 (D.Colo.1988) (accidental death and dismemberment policy's exclusion for "medical or surgical treatment" precluded coverage for death attributable to surgical treatment); Pickard v. Transamerica Occidental Life Ins. Co., 663 F.Supp. 126, 127 (E.D.Mich.1987) (death due to drinking of wrong solution was the type of medically related mishap that exclusion in accidental death benefit policy for loss resulting from medical treatment was intended to cover); Reid v. Aetna Life Ins. Co., 440 F.Supp. 1182, 1183-84 (S.D.Ill.1977) (accidental injection of lethal drug was direct consequence of medical treatment and therefore barred by exception in accidental death policy for death caused by medical and surgical treatments), aff'd, 588 F.2d 835 (7th Cir.1978). See generally Brewer v. Lincoln Nat'l Life Ins. Co., 921 F.2d 150, 153 (8th Cir.1990), cert. denied, 111 S.Ct. 2872 (1991) (in fashioning a body of federal common law, federal courts may look to state law as a guide, unless it is contrary to the provisions of ERISA). Finally, we note that the Seventh Circuit has followed suit in formulating federal common law under ERISA. See Senkier, 948 F.2d 1050 (where plaintiff who died after a catheter inserted for intravenous feeding became detached and punctured her heart; court held that the death caused by medical mishap was not an "accident" under group accident policy that was part of an employee welfare plan which excluded "medical or surgical treatment of a sickness or a disease").
 
 
 11
 In short, we agree with the district court's conclusion that the provision in question is clear and unambiguous, and that plaintiff's claim must fail under it. Therefore, we likewise do not need to address plaintiff's argument that the principle of contra proferentum is applicable to ERISA policies. AFFIRMED.
 
 
 
 [1]
 Employee Retirement Income Security Act, 29 U.S.C. Sec. 1001-1461. Plaintiff is challenging the denial of benefits under Sec. 1132(a)(1)(B)
 
 
 [2]
 The parties filed a stipulation of facts with the district court
 
 
 [3]
 We think this is true, even if, as plaintiff points out, negligent acts of a pharmacist are treated as ordinary negligence and not medical malpractice. See, e.g., Ohio Rev.Code Sec. 2307.42; Taugher v. Ling, 187 N.E. 19 (Ohio 1933)